1  MICHAEL J. STORTZ (State Bar No. 139386)
   BETH O. ARNESE (State Bar No. 241186)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105-2235
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510

5  Attorneys for Defendants
   COMCAST OF ALAMEDA, INC.; COMCAST OF
6  CALIFORNIA II, INC.; COMCAST OF CALIFORNIA
   III, INC.; COMCAST OF CALIFORNIA IX, INC.;
7  COMCAST OF CALIFORNIA V, INC.; COMCAST
   OF CALIFORNIA VI, INC.; COMCAST OF
8  CALIFORNIA X, INC.; COMCAST OF CALIFORNIA
   XIII, INC.; COMCAST CORPORATION; COMCAST
9  OF FRESNO, INC.; COMCAST OF MARIN I, INC.;
   COMCAST OF MARIN II, INC.; COMCAST OF
10 NORTHERN CALIFORNIA I, INC.; COMCAST OF
   NORTHERN CALIFORNIA II, INC.; COMCAST OF
11 SACRAMENTO I, LLC; COMCAST OF
   SACRAMENTO II, LLC; COMCAST OF SAN
12 LEANDRO, INC.; COMCAST OF SIERRA
   VALLEYS, INC.

13

14                   UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16 JON HART, On Behalf of Himself and All Others    Case No.
   Similarly Situated, and On Behalf of the General Public,
17                                                    **NOTICE OF REMOVAL**
                        Plaintiff,
18
            v.
19
   COMCAST OF ALAMEDA, INC.; COMCAST OF
20 CALIFORNIA II, INC.; COMCAST OF CALIFORNIA
   III, INC.; COMCAST OF CALIFORNIA IX INC.;
   COMCAST OF CALIFORNIA V INC.; COMCAST OF
21 CALIFORNIA VI INC.; COMCAST OF CALIFORNIA
   X INC.; COMCAST OF CALIFORNIA XIII INC.;
22 COMCAST CORPORATION; COMCAST OF
   FRESNO, INC.; COMCAST OF MARIN I, INC.;
23 COMCAST OF MARIN II, INC.; COMCAST OF
   NORTHERN CALIFORNIA I, INC.; COMCAST OF
24 NORTHERN CALIFORNIA II, INC.; COMCAST OF
   SACRAMENTO I, LLC; COMCAST OF
25 SACRAMENTO II, LLC; COMCAST OF SAN
   LEANDRO, INC.; COMCAST OF SIERRA
26 VALLEYS, INC.; and DOES 1-250,

27                      Defendants.

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

ORIGINAL
FILED

DEC 1 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PJH

CV 07 6350

1          Defendants Comcast of Alameda, Inc., Comcast of California II, Inc., Comcast of

2  California III, Inc., Comcast of California IX, Inc., Comcast of California V, Inc., Comcast of

3  California VI, Inc., Comcast of California X, Inc., Comcast of California XIII, Inc., Comcast

4  Corporation, Comcast of Fresno, Inc., Comcast of Marin I, Inc., Comcast of Marin II, Inc.,

5  Comcast of Northern California I, Inc., Comcast of Northern California II, Inc., Comcast of

6  Sacramento I, LLC, Comcast of Sacramento II, LLC, Comcast of San Leandro, Inc., and

7  Comcast of Sierra Valleys, Inc. (collectively, "Comcast"), by and through undersigned counsel

8  and pursuant to 28 U.S.C. §§ 1441, 1442, 1446 and 1453, hereby give notice of the removal of

9  the above-captioned action from the Superior Court of California, Alameda County, to the

10  United States District Court for the Northern District of California.  In support thereof, Comcast

11  avers as follows.

12                        **Introductory Statement**

13      1.     Plaintiff Jon Hart ("Plaintiff") alleges that Comcast has violated state and federal

14  law by using reasonable network management tools that are designed to prevent a small minority

15  of subscribers from degrading the quality of the broadband Internet service delivered to the great

16  majority of subscribers.  The allegations of the complaint track recent filings at the Federal

17  Communications Commission ("FCC" or "Commission") seeking agency action to restrict or to

18  dictate the use of particular Internet network management tools.  *See In re Free Press, et al.,*

19  *Petition for Declaratory Ruling*, WC Docket No. 07-52 (Nov. 1, 2007); *In re Vuze, Inc., Pet. to*

20  *Establish Rules Governing Network Management Practices by Broadband Network Operators,*

21  *Broadband Indus. Practices, Petition for Rulemaking*, WC Docket No. 07-52 (Nov. 14, 2007).

22      2.     In 2005, the Commission, albeit without the benefit of a notice-and-comment

23  rulemaking proceeding, endorsed reasonable network management.  *See In re Appropriate*

24  *Framework for Broadband Access to the Internet over Wireline Facilities*, CC Docket No. 02-33,

25  Internet Policy Statement, 20 F.C.C.R. 14986, at 2 n.15 (Sept. 23, 2005) ("The principles we

26  adopt are subject to reasonable network management.").  The Commission has sought public

27  comment on the question of whether it should adopt rules that might implement, in a formal and

28  enforceable manner, the various principles set forth in its Internet Policy Statement.  *See In re*

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

*Appropriate Framework for Broadband Access to the Internet over Wireline Facilities;*

*Universal Serv. Obligations of Broadband Providers; Review of Regulatory Requirements for*

*Incumbent LEC Broadband Telecomms. Servs.; Computer III Further Remand Proceedings: Bell*

*Operating Co. Provision of Enhanced Servs.; 1998 Biennial Regulatory Review-Review of*

*Computer III & ONA Safeguards & Requirements; Conditional Petition of the Verizon Tel. Cos.*

*For Forbearance Under 47 U.S.C. § 160(c) with Regard to Broadband Servs. Provided via Fiber*

*to the Premises; Petition of the Verizon Tel. Cos. for Declaratory Ruling or, Alternatively, for*

*Interim Waiver with Regard to Broadband Servs. Provided via Fiber to the Premises; Consumer*

*Protection in the Broadband Era*, Report and Order and NPRM, CC Docket Nos. 02-33;01-

337;95-20;98-10; WC Docket Nos. 04-242;05-271, 20 F.C.C.R. 14853, at 14929-35, ¶¶ 146-59

(Aug. 5, 2005); *In re Inquiry Concerning High-Speed Access to the Internet Over Cable and*

*Other Facilities; Internet Over Cable Declaratory Ruling; Appropriate Regulatory Treatment for*

*Broadband Access to the Internet Over Cable Facilities*, Declaratory Ruling and Notice of

Proposed Rulemaking, GN Docket No. 00-185; CS Docket No. 02-52, 17 F.C.C.R. 4798, 4839-

54, ¶¶ 72-111 (March 14, 2002); *see also In re Broadband Indus. Practices*, Notice of Inquiry,

22 F.C.C.R. 7894 (Mar. 22, 2007).

     3.     This Court has diversity jurisdiction over this putative class action because it falls

within the scope of the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat.

4 (2005), and alternatively this Court has federal question jurisdiction over this action because it

asserts claims that arise under federal law and raise substantial questions of federal law.

Accordingly, Comcast hereby removes this action to this Court.

**JURISDICTIONAL STATEMENT – DIVERSITY JURISDICTION**

     4.     CAFA grants federal courts jurisdiction over qualifying class actions in which

there is minimal diversity, the aggregate amount in controversy exceeds $5,000,000, and there

are 100 or more class members. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6).

It applies to any class action that is commenced on or after its effective date, i.e., February 18,

2005. *See* 28 U.S.C. § 1332 note. Plaintiff commenced this action on or about November 13,

2007 by filing a putative class action complaint in the Superior Court of California, Alameda

1    County, under the caption *John Hart v. Comcast of Alameda, Inc., et al.*, No. 07355993.

2    Accordingly, this action was commenced after CAFA's effective date.

3        5.    Plaintiff brings this putative interstate class action on behalf of himself, a

4    California citizen, Pl.'s Compl. ¶ 5 ("Plaintiff John Hart is a citizen of the State of California."),

5    as well as a putative class that includes "all persons in California who purchased the Service

6    between November 13, 2003 and the present and used or attempted to use peer-to-peer or online

7    file sharing applications and/or lotus notes." *Id.* ¶ 30. That putative class consists of citizens of

8    California such as Plaintiff, as well as citizens of other states who are temporarily located "in,"

9    but are not domiciled in, California. *See id.*; *see also Newman-Green, Inc. v. Alfonzo-Larrain*,

10   490 U.S. 826, 828 (1989). Defendants are comprised of corporations domiciled inside and

11   outside of California. Accordingly, there is minimal diversity. *See* 28 U.S.C. § 1332(d)(2)(A).

12       6.    Plaintiff alleges that the putative class consists of "thousands of persons" and is so

13   numerous that the joinder of individual members of the putative class is impractical. Plaintiff

14   purports to represent not only current and former subscribers as of the filing of the Complaint,

15   but also customers up to and including the present. *See* Pl.'s Compl. ¶¶ 30-31.

16       7.    To maintain the privacy of its subscribers, Comcast does not track which

17   individual subscribers use or have used peer-to-peer or online file sharing applications.

18   However, independent industry observers suggest that approximately twenty percent (20%) of

19   broadband Internet subscribers have used peer-to-peer or online file sharing applications. *See*

20   Martin & Westall, *Assessing the Impact of BitTorrent on DOCSIS Networks*, *available at*

21   http://people.clemson.edu/~jmarty/papers/bittorrentBroadnets.pdf. Based on the number of

22   Comcast's high-speed Internet subscribers with California billing addresses as of December

23   2007 (which is confidential and non-public) and the approximate percentage of those subscribers

24   who use or have used peer-to-peer or online file sharing applications on a regular basis (which is

25   confidential and non-public), at least 50,000 of Comcast's high-speed Internet subscribers with

26   billing addresses in California fall within the definition of the putative class. That number would

27   increase substantially if it included subscribers who have used peer-to-peer or online file sharing

28   applications but do not do so on a regular basis, or if it included subscribers who initiate service

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1    in the future, and if it included subscribers who terminated their service before December 2007.

2    To the extent Plaintiff's class definition seeks to include businesses despite the use of the word

3    "persons," the putative class would be larger still.  Accordingly, there are more than 100

4    members of the putative class.  *See* 28 U.S.C. § 1332(d)(5)(B).

5        8.    Plaintiff seeks relief in the form of restitution and disgorgement, specifically an

6    award of monetary damages "calculated as purchase price of the Products here at issue, plus any

7    out-of-pocket costs associated with the replacement of such Products."  Pl.'s Compl., Prayer for

8    Relief ¶ H; *see also id.* ¶¶ F, G.  Throughout the first three fiscal quarters of 2007, Comcast's

9    average monthly revenue per high-speed Internet subscriber was approximately $43.00.  *See*

10   Press Release, *Comcast Reports Third Quarter 2007 Results* at 10 (Oct. 2007), available at

11   http://media.corporate-ir.net/media_files/irol/11/118591/Earnings_3Q07/release_pdf.pdf.

12   Using that figure, the value of the requested restitution for just the last three months would

13   exceed $5,000,000.

14       9.    Plaintiff also seeks: (i) an award of statutory damages pursuant to California Civil

15   Code § 1780(a)(1), *see* Pl.'s Compl., Prayer for Relief ¶ I; (ii) an award of "punitive and/or

16   exemplary damages," Pl.'s Compl., Prayer for Relief ¶ I; and (iii) an award of "his reasonable

17   attorneys' fees and costs of suit," Pl.'s Compl., Prayer for Relief ¶ J.

18       10.   Plaintiff also seeks relief in the form of an order directing Comcast "to notify each

19   and every member of the Class of the pendency of the claims in this action."  Pl.'s Compl.,

20   Prayer for Relief ¶ E.  Because Comcast does not track which individual subscribers use or have

21   used peer-to-peer or online file sharing applications, Comcast would need to send a mailing to all

22   of its California high-speed Internet subscribers to accomplish the notice requested by the

23   Plaintiff.  In light of the number of Comcast's high-speed Internet subscribers with California

24   billing addresses as of December 2007 (which is confidential and non-public), the cost of

25   postage alone would be substantial.  Those costs would increase substantially if the cost of

26   generating and coordinating the mailing of the notice were included as well.

27       11.   Plaintiff also seeks relief in the form of an order directing Comcast "to conduct a

28   corrective advertising and information campaign. . . ."  Pl.'s Compl., Prayer for Relief ¶ C.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1   Because Comcast's high-speed Internet subscribers in California are located throughout

2   California, Comcast would need to engage in a multi-faceted regional advertising campaign in

3   order to comply with this request. The cost of that advertising campaign would be substantial.

4       12.    Plaintiff also seeks broad injunctive relief that would affect the way Comcast

5   provides and advertises its high-speed Internet service, specifically an order enjoining Comcast

6   "from conducting their business through the . . . business acts or practices . . . described in this

7   Complaint." Pl.'s Compl., Prayer for Relief ¶ B. Because of the nationwide nature of Comcast's

8   high-speed Internet service and its advertisements, notices, and billing system, complying with

9   the requested equitable relief would be substantial.

10      13.    Although Comcast denies it has any liability to Plaintiff or the putative class, and

11  denies that any such class could be properly certified under Federal Rule of Civil Procedure 23,

12  the aggregate value of the compensatory, statutory and exemplary damages sought by Plaintiff,

13  as well as the cost to Comcast of complying with the equitable relief sought by Plaintiff, would

14  exceed $5,000,000.[1]

15      14.    Accordingly, the alleged aggregate amount in controversy exceeds $5,000,000.

16  *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members

17  shall be aggregated to determine whether the matter in controversy exceeds the sum or value of

18  $5,000,000, exclusive of interest and costs.").

19      15.    Because this action commenced after February 18, 2005, there is minimal

20  diversity, more than 100 putative class members and an aggregate amount in controversy in

21  excess of $5,000,000, this Court has original subject matter jurisdiction over this putative class

22  action. *See* 28 U.S.C. § 1332(d)(2)(A).

23      16.    Because this action states a basis for original subject matter jurisdiction under 28

24  U.S.C. § 1332, it is removable pursuant to 28 U.S.C. § 1441(a).

25

26

27  [1]     By removing an action under CAFA, Comcast does not concede that it has any liability, let alone liability of greater than $5,000,000, to the members of the putative class. *See, e.g., Key v. DSW, Inc.*, No. 06-0459, 2006 WL 2794930, at *7 (S.D. Ohio Sep. 27, 2006).

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

JURISDICTIONAL STATEMENT – FEDERAL QUESTION JURISDICTION

17.    Alternatively, this Court has original jurisdiction over this action because Plaintiff's claims arise under federal law.

18.    Plaintiff alleges that the "questions of law" arising in this action include "whether Defendants' blockage or impediment of the Blocked Applications constitutes a violation of the CFAA," the federal Consumer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, and "whether Defendants' blockage or impediment of the Blocked Applications while permitting unfettered use of other applications constitutes a violation of Federal Communications Commission ("FCC") Policy Statement, FCC 05151." Pl.'s Compl. ¶¶ 32(h), (i). Elsewhere, Plaintiff alleges that Comcast's business practice "violates FCC Policy Statement, FCC 05-155," *id.* ¶ 49, and "violates the policies behind the CFAA and FCC Policy 05-151." *Id.* ¶ 96.

19.    Count VI of Plaintiff's Complaint advances a claim under Section 17200 of California's Unfair Competition Law ("UCL"). *See* Pl.'s Compl. ¶¶ 84-89. The predicate "unlawful acts" identified by Plaintiff in Count VI of his Complaint are alleged violations of the CFAA and the FCC's Internet Policy Statement – in other words, violations of federal law. Accordingly, that claim arises under federal law and can be removed to federal court. *See, e.g., Grable & Sons Metal Prods., Inc. v. Darue Eng'g*, 545 U.S. 308 (2005); *Calif. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 840 (9th Cir. 2004); *D'Alessio v. NYSE*, 258 F.3d 93 (9th Cir. 2001); *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209 (9th Cir. 1998); *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405 (9th Cir. 1998); *Nat'l Credit Reporting Ass'n v. Experian Info. Solutions, Inc.*, C04-01661WHA, 2004 U.S. Dist. LEXIS 17303 (N.D. Cal. July 21, 2004); *Lockyer v. Mirant Corp.*, 01-1973(HL), 2002 U.S. Dist. LEXIS 14733 (N.D. Cal. Aug. 6, 2002).

20.    Even if Plaintiff had not invoked federal law as the basis of his claims, this action would still arise under federal law because it raises substantial questions of federal law.

21.    Congress has declared that "the policy of the United States" is that the Internet, a channel of interstate commerce and communications, should be "unfettered" by state regulation. 47 U.S.C. § 230(b). By any measure, its decision to free the Internet from state regulation has been a resounding success. When the Internet first emerged, it was accessible to only a handful

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1    of people. It is now available and affordable to millions of customers, from all parts of the

2    country and all walks of life, through conduits such as dial-up, broadband (cable, DSL and BPL),

3    fixed wireless and even satellite. In short, it has become a ubiquitous part of every day life. *See,*

4    *e.g.*, U.S. Dept. of Commerce, *A Nation Online: Entering The Broadband Age* (Sept. 2004),

5    *available at* http://www.ntia.doc.gov/reports/anol/NationOnlineBroadband04.pdf.

6        22.    Plaintiff's Complaint is a direct assault on Congress's decision to free the Internet

7    from state regulation because it asks a state court to enjoin Comcast from engaging in reasonable

8    network management, which it is expressly permitted to do under federal law, *see* Policy

9    Statement, 20 F.C.C.R. 14986, at 2 n.15 (Sep. 23, 2005) ("The principles we adopt are subject to

10    reasonable network management."), and which it is required to do if it is to continue delivering a

11    premium broadband experience to its subscribers.

12        23.    Also central to those allegations is Plaintiff's belief that California – and by

13    extension each of the fifty states – can and should establish its own unique and inevitably

14    conflicting rules for what network management tools may or may not be used.

15        24.    Plaintiff's claims are therefore a direct challenge to the federal government's

16    decision to create a uniform deregulatory environment for the Internet by freeing Internet

17    services from state regulation. As such, Plaintiff's claims are inherently federal in character, and

18    this action is removable to federal court on three separate grounds: (a) the complete preemption

19    doctrine; (b) the substantial federal question doctrine; and (c) the artful pleading doctrine.

20        25.    This Court therefore has jurisdiction over this action pursuant to 28 U.S.C.

21    §§ 1331 and 1337, making this action removable pursuant to 28 U.S.C. §§ 1441(a). To the

22    extent this Court determines that this action presents any state law claims, this Court has

23    supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367.

### PROCEDURAL STATEMENT

25        26.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint,

26    Comcast's Answer and all other process, pleadings and orders that Plaintiff purportedly served

27    on Comcast as of the date of this Notice are attached hereto as Exhibit A.

28        27.    Because Comcast received a copy of Plaintiff's Complaint on or after November

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

15, 2007 this Notice of Removal has been timely filed within thirty (30) days of service pursuant to 28 U.S.C. 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

28.    Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Northern District of California is proper because that District embraces the Superior Court of California, Alameda County, where this action is currently pending. *See* 28 U.S.C. § 84(a).

29.    Pursuant to 28 U.S.C. § 1446(d), Comcast will promptly file a copy of this Notice of Removal in the Superior Court of California, Alameda County, and give written notice of the removal of this action to counsel for Plaintiff.

30.    By removing the action to this Court, Comcast does not waive any defenses, objections or motions available to it under state or federal law. Comcast expressly reserves the right to require that the claims of certain members of the putative class be decided through arbitration, and to move for judgment in favor of Comcast pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

NOTICE OF REMOVAL

1      **WHEREFORE**, pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, Comcast respectfully

2 removes to federal court the above-captioned civil action, which is currently pending in the

3 Superior Court of California, Alameda County.

4

5 Dated: December /4, 2007               DRINKER BIDDLE & REATH LLP

6

7                                  MICHAEL J. STORTZ

8                                  Attorneys for Defendants
                                 COMCAST OF ALAMEDA, INC.;

9                                  COMCAST OF CALIFORNIA II, INC.;
                                 COMCAST OF CALIFORNIA III, INC.;

10                                  COMCAST OF CALIFORNIA IX,  INC.;
                                 COMCAST OF CALIFORNIA V, INC.;

11                                  COMCAST OF CALIFORNIA VI, INC.;
                                 COMCAST OF CALIFORNIA X, INC.;

12                                  COMCAST OF CALIFORNIA XIII, INC.;
                                 COMCAST CORPORATION; COMCAST

13                                  OF FRESNO, INC.; COMCAST OF MARIN
                                 I, INC.; COMCAST OF MARIN II, INC.;

14                                  COMCAST OF NORTHERN CALIFORNIA
                                 I, INC.; COMCAST OF NORTHERN

15                                  CALIFORNIA II, INC.; COMCAST OF
                                 SACRAMENTO I, LLC; COMCAST OF

16                                  SACRAMENTO II, LLC; COMCAST OF
                                 SAN LEANDRO, INC.; COMCAST OF

17                                  SIERRA VALLEYS, INC.

18 Of Counsel

19 Seamus C. Duffy
Michael W. McTigue Jr.

20 Michael P. Daly
DRINKER BIDDLE & REATH LLP

21 One Logan Square
18th & Cherry Streets

22 Philadelphia, Pennsylvania 19103-6996
Telephone: (215) 988-2700

23 Facsimile: (215) 988-2757

24

25

26

27

28

**EXHIBIT  A**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/16/2007
CT Log Number 512796752

<span>|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||</span>

TO:      Rosemarie Pierce
         Comcast Corporation
         1500 Market Street, 35th Floor
         Philadelphia, PA 19102-2148

RE:      **Process Served in California**

FOR:     Comcast of Marin II, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of Marin II, Inc., Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA
Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo
Lexington Law Group, LLP
1627 Irving Street
San Francisco, CA 94122
415-759-4111 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:**
**PER:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
Nancy Flores
818 West Seventh Street
Los Angeles, CA 90017
213-337-4615 |

Page 1 of  1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11.15.07
2:45p

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form is attached.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Trisha Perry, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

JON HART, On Behalf of Himself and All Others Similarly Situated, and On Behalf of the General Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER
(Número del Caso): RG 07355993

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

| DATE *(Fecha)* NOV 13 2007 | Clerk, by Pat S. Sweeten *(Secretario)* Trisha Perry | Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Comcast of Marin II, Inc.

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date): 11.15.07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

Page 1 of 1

**COPY**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hart v. Comcast of Alameda, Inc., et al. | |

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

COMCAST OF CALIFORNIA II, INC.; COMCAST OF CALIFORNIA III, INC.; COMCAST OF CALIFORNIA IX, INC.; COMCAST OF CALIFORNIA V, INC.; COMCAST OF CALIFORNIA VI, INC.; COMCAST OF CALIFORNIA X, INC.; COMCAST OF CALIFORNIA XIII, INC.; COMCAST CORPORATION; COMCAST OF FRESNO, INC.; COMCAST OF MARIN I, INC.; COMCAST OF MARIN II, INC.; COMCAST OF NORTHERN CALIFORNIA I, INC.; COMCAST OF NORTHERN CALIFORNIA II, INC.; COMCAST OF SACRAMENTO I, LLC; COMCAST OF SACRAMENTO II, LLC; COMCAST OF SAN LEANDRO, INC.; COMCAST OF SIERRA VALLEYS, INC.; and Defendant DOES 1 through 200, inclusive.

Form Adopted by Rule 982(e)(9)(A)
Judicial Council of California
982(e)(9)(A) [New January 1, 1993]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

American LegalNet, Inc.
www.USCourtForms.com

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
11/16/2007
CT Log Number 512796968

**TO:**     Rosemarie Pierce
            Comcast Corporation
            1500 Market Street, 35th Floor
            Philadelphia, PA 19102-2148

**RE:**     **Process Served in California**

**FOR:**    Comcast of California XIII, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of California XIII, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA
Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Walnut Creek, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo
Lexington Law Group, LLP
1627 Irving Street
San Francisco, CA 94122
415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016
SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:**
**PER:**
**ADDRESS:**
**TELEPHONE:** | C T Corporation System
Nancy Flores
818 West Seventh Street
Los Angeles, CA 90017
213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11·15·07
2:45p

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Trisha Perry, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es:)
Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER: RG07355993

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

DATE: NOV 13 2007        Pat S. Sweeten        Clerk, by        Trisha Perry        Deputy
(Fecha)                  (Secretario)                          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Comcast of California XIII, Inc.
   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date): 11.15.07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
Additional Legal on www.lawhelp.com

Page 1 of 1

**COPY**

FILE BY FAX

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
11/16/2007
CT Log Number 512796978

| | |
|---|---|
| **TO:** | Rosemarie Pierce<br>Comcast Corporation<br>1500 Market Street, 35th Floor<br>Philadelphia, PA 19102-2148 |
| **RE:** | **Process Served in California** |
| **FOR:** | Comcast Corporation (Domestic State: PA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo<br>Lexington Law Group, LLP<br>1627 Irving Street<br>San Francisco, CA 94122<br>415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016<br>SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1-15-07
2:45p

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
JON HART, On Behalf of Himself and All Others Similarly Situated, and On Behalf of the General Public

ENDORSED
FILED
ALAMEDA COUNTY

NOV 1 3 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda County Superior Court<br>Rene C. Davidson Alameda County Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **CASE NUMBER:**<br>*(Número del Caso):*<br>RG 07355993 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

| DATE:<br>*(Fecha)* NOV 1 3 2007 | Pat S. Sweeten | Clerk, by<br>*(Secretario)* Tasha Perry | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Comcast Corporation
   under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

Page 1 of 1

**COPY**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/16/2007
CT Log Number 512796992

**TO:**   Rosemarie Pierce
Comcast Corporation
1500 Market Street, 35th Floor
Philadelphia, PA 19102-2148

**RE:**   **Process Served in California**

**FOR:**   Comcast of California X, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of California X, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo<br>Lexington Law Group, LLP<br>1627 Irving Street<br>San Francisco, CA 94122<br>415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016<br>SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11-15-07
2:45p

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER: (Número del Caso) RG 07355993

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

DATE:
*(Fecha)* NOV 13 2007    Pat S. Sweeten    Clerk, by    Tasha Parry    Deputy
*(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Comcast of California X, Inc.
   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 11-15-07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**COPY**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
11/16/2007
CT Log Number 512797002

|||||||||||||||||||||||||||||||||||||||||||||||

**TO:**    Rosemarie Pierce
Comcast Corporation
1500 Market Street, 35th Floor
Philadelphia, PA 19102-2148

**RE:**    **Process Served in California**

**FOR:**    Comcast of California V, Inc. (Domestic State: CA)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of California V, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA
Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo
Lexington Law Group, LLP
1627 Irving Street
San Francisco, CA 94122
415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016
SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11·15·07
23.45 p.

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Trisha Perry, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER: *(Número del Caso):*
RG 07355993

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

DATE: NOV 13 2007    Clerk, by    Trisha Perry    , Deputy
*(Fecha)*    Pat S. Sweeten    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Comcast of California V; Inc.
   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 11·15·07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

SUM-100

**COPY**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/16/2007
CT Log Number 512797013

|||||||||||||||||||||||||||||||||||||||||||||||||

TO:     Rosemarie Pierce
        Comcast Corporation
        1500 Market Street, 35th Floor
        Philadelphia, PA 19102-2148

RE:     **Process Served in California**

FOR:    Comcast of California IX, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of California IX, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo<br>Lexington Law Group, LLP<br>1627 Irving Street<br>San Francisco, CA 94122<br>415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016<br>SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11.15.07
2:45p

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Trisha Perry, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

**CASE NUMBER:** *(Número del Caso):* RG 07 355993

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

| DATE: *(Fecha)* | NOV 13 2007 | Pat S. Sweeten Clerk, by *(Secretario)* | Trisha Perry | Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* Comcast of California IX, Inc.

under: [✓] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):* 11.15.07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

COPY

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
11/16/2007
CT Log Number 512797028

||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**    Rosemarie Pierce
Comcast Corporation
1500 Market Street, 35th Floor
Philadelphia, PA 19102-2148

**RE:**    **Process Served in California**

**FOR:**    Comcast of California II, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of California II, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo<br>Lexington Law Group, LLP<br>1627 Irving Street<br>San Francisco, CA 94122<br>415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016<br>SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11-15-07
2:45p

SUM-100

**SUMMONS**
**(CITACION JUDICIAL)**

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

NOV 1 3 2007

CLERK OF THE SUPERIOR COURT
By Trisha Perry, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
RG 07355993

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

DATE:                          Clerk, by                          , Deputy
*(Fecha)* NOV 1 3 2007    Pat S. Sweeton *(Secretario)*  Trisha Perry  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Comcast of California II, Inc.

under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date): 11-15-07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

**COPY**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/16/2007
CT Log Number 512797040

**TO:**    Rosemarie Pierce
           Comcast Corporation
           1500 Market Street, 35th Floor
           Philadelphia, PA 19102-2148

**RE:**    **Process Served in California**

**FOR:**   Comcast of California III, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of California III, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo<br>Lexington Law Group, LLP<br>1627 Irving Street<br>San Francisco, CA 94122<br>415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016<br>SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11-15-07
2:45p

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Trisha Perry, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Alameda County Superior Court<br>Rene C. Davidson Alameda County Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>(Número del Caso):<br>RG 07355998 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

DATE:                        Pat S. Sweeten, Clerk, by              Trisha Perry            , Deputy
(Fecha)  NOV 13 2007                   (Secretario)                                      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Comcast of California III, Inc.
   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date): 11-15-07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

**COPY**

FILE BY FAX

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/16/2007
CT Log Number 512797056

|||||||||||||||||||||||||||||||||||||||||||||||

**TO:**  Rosemarie Pierce
Comcast Corporation
1500 Market Street, 35th Floor
Philadelphia, PA 19102-2148

**RE:**  **Process Served in California**

**FOR:**  Comcast of California VI, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of California VI, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo<br>Lexington Law Group, LLP<br>1627 Irving Street<br>San Francisco, CA 94122<br>415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016<br>SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11.15-07
2 MSg

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):

COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

ENDORSED
FILED
ALAMEDA COUNTY

NOV 1 3 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

FILE BY FAX

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Alameda County Superior Court<br>Rene C. Davidson Alameda County Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>(Número del Caso):<br>**RG 07 3 5 5 9 9 3** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

| DATE:<br>(Fecha): NOV 1 3 2007 | Pat S. Sweeten Clerk, by<br>(Secretario) | Tasha Perry Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify): Comcast of California V1 Inc.

under: [✓] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
        [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
        [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
        [ ] other (specify):
4. [ ] by personal delivery on (date): 11-15-07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

Page 1 of 1

SUM-100

**COPY**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
11/16/2007
CT Log Number 512797069

**TO:**   Rosemarie Pierce
Comcast Corporation
1500 Market Street, 35th Floor
Philadelphia, PA 19102-2148

**RE:**   **Process Served in California**

**FOR:**  Comcast of Sierra Valleys, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of Sierra Valleys, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Walnut Creek, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo<br>Lexington Law Group, LLP<br>1627 Irving Street<br>San Francisco, CA 94122<br>415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016<br>SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11.15.07
2345 p

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
RG 07355993

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

DATE:
*(Fecha)* NOV 13 2007     Pat S. Sweeten     Clerk, by     Tasha Perry     , Deputy
*(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Comcast of Sierra Valleys, Inc.
   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date): 11.15.07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

Page 1 of 1

**COPY**

FILE BY FAX

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/16/2007
CT Log Number 512797076

||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**   Rosemarie Pierce
         Comcast Corporation
         1500 Market Street, 35th Floor
         Philadelphia, PA 19102-2148

**RE:**   **Process Served in California**

**FOR:**  Comcast of Northern California II, Inc. (Domestic State: CA)

---

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of Northern California II, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action – Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications – Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo<br>Lexington Law Group, LLP<br>1627 Irving Street<br>San Francisco, CA 94122<br>415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016<br>SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 798311058560 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11-15-07
2:45 p

**SUMMONS**

**(CITATION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COURT

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Trisha Peay, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: | CASE NUMBER: | |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* | VG 07355993 |

Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark N. Todzo

Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

| DATE: | NOV 13 2007 | Pat S. Sweeten, Clerk, by | Trisha Peay | Deputy |
| *(Fecha):* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Comcast of Northern California II, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):

4. ☐ by personal delivery on (date): 11-15-07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

**COPY**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
11/16/2007
CT Log Number 512797106

**TO:**     Rosemarie Pierce
            Comcast Corporation
            1500 Market Street, 35th Floor
            Philadelphia, PA 19102-2148

**RE:**     **Process Served in California**

**FOR:**    Comcast of Sacramento I, LLC (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of Sacramento I, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo<br>Lexington Law Group, LLP<br>1627 Irving Street<br>San Francisco, CA 94122<br>415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016<br>SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11-10-07
7245?

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Trisha Peay, Deputy

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO:)
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE:)
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

CASE NUMBER:
(Número del Caso)
RG 07355993

The name and address of the court is:
(El nombre y dirección de la corte es:)
Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

DATE:          NOV 13 2007          Pat S. Sweeten          Clerk, by          Trisha Peay          , Deputy
(Fecha)                                              (Secretario)                                          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Comcast of Sacramento I, LLC

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):  11/15/07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465
Page 1 of 1

FILE BY FAX

COPY

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/16/2007
CT Log Number 512797125

|||||||||||||||||||||||||||||||||||||||||||||||

TO:     Rosemarie Pierce
        Comcast Corporation
        1500 Market Street, 35th Floor
        Philadelphia, PA 19102-2148

RE:     **Process Served in California**

FOR:    Comcast of Marin I, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of Marin I, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo<br>Lexington Law Group, LLP<br>1627 Irving Street<br>San Francisco, CA 94122<br>415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016<br>SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11.15.07
2:45p

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COURT

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perp, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER:
(Número del Caso):
07355993

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

DATE:
*(Fecha):*  NOV 13 2007    Pat S. Sweeten    Clerk, by    Tasha Perry    , Deputy
*(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify):  Comcast of Marin I, Inc.

under: [✓] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.50 (authorized person)
[ ] other (specify):

4. [ ] by personal delivery on (date):  11.15.07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

Code of Civil Procedure §§ 412.20, 465

**SUMMONS**

Page 1 of 1

**COPY**

FILE BY FAX

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/16/2007
CT Log Number 512797138

TO:    Rosemarie Pierce
       Comcast Corporation
       1500 Market Street, 35th Floor
       Philadelphia, PA 19102-2148

RE:    **Process Served in California**

FOR:   Comcast of Fresno, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of Fresno, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA
Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Walnut Creek, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo
Lexington Law Group, LLP
1627 Irving Street
San Francisco, CA 94122
415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016
SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11·10·87
2·45 p

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Trisha Perry, Deputy

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):

COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): | CASE NUMBER:<br>(Número del Caso):  RG 07355993 |

Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mark N. Todzo

Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

| DATE:<br>(Fecha)  NOV 13 2007 | Pat S. Sweeten | Clerk, by<br>(Secretario) | Trisha Perry | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify):  Comcast of Fresno, Inc.

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other (specify):

4. ☐ by personal delivery on (date):  11·15·07

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

American LegalNet, Inc.
www.USCourtForms.com

**COPY**

FILE BY FAX

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process
Transmittal**
11/16/2007
CT Log Number 512797149

**TO:**   Rosemarie Pierce
          Comcast Corporation
          1500 Market Street, 35th Floor
          Philadelphia, PA 19102-2148

**RE:**   **Process Served in California**

**FOR:**  Comcast of Sacramento II, LLC (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of Sacramento II, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA
Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo
Lexington Law Group, LLP
1627 Irving Street
San Francisco, CA 94122
415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016
SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:**
**PER:**
**ADDRESS:** | C T Corporation System
Nancy Flores
818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / VI

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

11·15·07  23498 ½

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):

COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Trsha Perry, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):

CASE NUMBER: RG 07355993

Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

DATE:           NOV 13 2007      Pat S. Sweeten, Clerk, by    Trsha Perry           , Deputy
(Fecha)                          (Secretario)                                        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify):  Comcast of Sacramento II, LLC
   under: [✓] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):  11·15·07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

COPY

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/16/2007
CT Log Number 512797158

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**TO:**     Rosemarie Pierce
            Comcast Corporation
            1500 Market Street, 35th Floor
            Philadelphia, PA 19102-2148

**RE:**     **Process Served in California**

**FOR:**    Comcast of San Leandro, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of San Leandro, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo<br>Lexington Law Group, LLP<br>1627 Irving Street<br>San Francisco, CA 94122<br>415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016<br>SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11-15-07
2:45 p

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Tisha Peay, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:                              CASE NUMBER (Número del Caso): RG 07355993
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

DATE:          NOV 13 2007          Pat S. Sweeten, Clerk, by          Tisha Peay          , Deputy
*(Fecha)*                           *(Secretario)*                                               *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* Comcast of San Leandro, Inc
   under: [✓] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):* 11-15-07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

FILE BY FAX
COPY

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
11/16/2007
CT Log Number 512797177

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**TO:**    Rosemarie Pierce
Comcast Corporation
1500 Market Street, 35th Floor
Philadelphia, PA 19102-2148

**RE:**    **Process Served in California**

**FOR:**    Comcast of Northern California I, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of Northern California I, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Walnut Creek, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo Lexington Law Group, LLP 1627 Irving Street San Francisco, CA 94122 415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016 SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*11-15-07 2:45p*

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Trsha Perry, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is: (El nombre y dirección de la corte es): Alameda County Superior Court Rene C. Davidson Alameda County Courthouse 1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER: (Número del Caso): **RG 07355993** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

| DATE: (Fecha) NOV 13 2007 | Clerk, by Pat S. Sweeten (Secretario) | Trsha Perry | , Deputy (Adjunto) |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): *Comcast of Northern California I, Inc.*

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other (specify):
4. ☐ by personal delivery on (date): *11-15-07*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

**COPY**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
11/16/2007
CT Log Number 512797200

**TO:**    Rosemarie Pierce
Comcast Corporation
1500 Market Street, 35th Floor
Philadelphia, PA 19102-2148

**RE:**    **Process Served in California**

**FOR:**   Comcast of Alameda, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jon Hart, On Behalf of Himself and All Others Similarly Situated and On Behalf of the General Public, Pltf. vs. Comcast of Alameda, Inc., et al. including Comcast of Alameda, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Amended Cover Sheet, Stipulation Form(s), Affidavit(s) |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # RG07355993 |
| **NATURE OF ACTION:** | Class Action - Defendants intentionally impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications - Seeking that the court preliminarily and permanently enjoin defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in the complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark N. Todzo<br>Lexington Law Group, LLP<br>1627 Irving Street<br>San Francisco, CA 94122<br>415-759-4111 |
| **ACTION ITEMS:** | Telephone, Rosemarie Pierce , 215-640-7016<br>SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798311068560 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11-15-07
2:45p

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST OF ALAMEDA, INC.; Additional Parties Attachment Form
is attached.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

NOV 13 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JON HART, On Behalf of Himself and All Others Similarly Situated,
and On Behalf of the General Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
RG 07355998

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark N. Todzo
Lexington Law Group, LLP, 1627 Irving Street, San Francisco, CA 94122

DATE:           NOV 13 2007       Pat S. Sweeten       Clerk, by       Tasha Perry       , Deputy
*(Fecha)*                           *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Comcast of Alameda, Inc.

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):

4. ☐ by personal delivery on (date): 11-15-07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

FILE BY FAX

COPY

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediatl1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages** of your telephone book under "Arbitrators" or "Mediators."

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland.  EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement.  Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County.  Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA  94612**
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution.  It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

**ADR Program Administrator**

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

**The Judicial Arbitration Process**

### Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

### Assignment of Case *(CRC 1605a(4))*
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

### Hearings *(CRC 1611)*
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

### Award of Arbitrator *(CRC 1615b & c)*
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| ☐ Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | ☐ Berkeley Courthouse<br>2000 Center Street, 2nd FL, Berkeley, CA 94704 | ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| ☐ Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | ☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| ☐ Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Case No.: _____

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

1  LEXINGTON LAW GROUP, LLP
   Mark N. Todzo (168389)
2  Eric S. Somers (139050)
   Howard J. Hirsch (213209)
3  1627 Irving Street
   San Francisco, CA 94122
4  Telephone: (415) 759-4111
   Facsimile: (415) 759-4112
5
   Attorneys for Plaintiff
6  JON HART

7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY ALAMEDA

11

12  JON HART, On Behalf of Himself and All          Case No.   RG 07955993
    Others Similarly Situated, and On Behalf of the
13  General Public,                                            BY FAX

14                              Plaintiff,           AFFIDAVIT REGARDING PROPER
                                                    VENUE PURSUANT TO CIVIL CODE
15           vs.                                    §1780(c)

16  COMCAST OF ALAMEDA, INC.; COMCAST
    OF CALIFORNIA II, INC.; COMCAST OF
17  CALIFORNIA III, INC.; COMCAST OF
    CALIFORNIA IX, INC.; COMCAST OF
18  CALIFORNIA V, INC.; COMCAST OF
    CALIFORNIA VI, INC.; COMCAST OF
19  CALIFORNIA X, INC.; COMCAST OF
    CALIFORNIA XIII, INC.; COMCAST
20  CORPORATION; COMCAST OF FRESNO,
    INC.; COMCAST OF MARIN I, INC.;
21  COMCAST OF MARIN II, INC.; COMCAST
    OF NORTHERN CALIFORNIA I, INC.;
22  COMCAST OF NORTHERN CALIFORNIA II,
    INC.; COMCAST OF SACRAMENTO I, LLC;
23  COMCAST OF SACRAMENTO II, LLC;
    COMCAST OF SAN LEANDRO, INC.;
24  COMCAST OF SIERRA VALLEYS, INC.; and
    DOES 1-250

25
                                Defendants.
26

27

28

            AFFIDAVIT RE: VENUE - HART v. COMCAST

1      I, Mark N. Todzo, declare as follows:

2      1.     I am an attorney with the Lexington Law Group, LLP, and I represent Plaintiff

3  Jon Hart ("Plaintiff") in the above-entitled action.  This Affidavit is submitted concurrently with

4  the filing of the Complaint pursuant to, and in compliance with, Civil Code §1780(c).

5      2.     Venue for this action is proper in Alameda County because a substantial portion

6  of the transaction at issue in the Complaint took place, and is taking place in Alameda County.

7      3.     In particular, a substantial portion of the wrongful conduct at the heart of this

8  case, Defendants' transmission of unauthorized hidden messages to the computers of customers

9  who utilize such applications, occurred in Alameda County and affected consumers in Alameda

10  County.  Moreover, Defendants' false and misleading representations that Defendant's high

11  speed internet access had qualities, characteristics, uses and/or benefits which it does not, were

12  made in Alameda County.

13      4.     Venue is therefore proper in Alameda County pursuant to Civil Code §1780(c).

14

15    I declare under penalty of perjury under the laws of the State of California that the

16  foregoing is true and correct.  Executed on November 13, 2007 at San Francisco, California.

17

18

19                    Mark N. Todzo

20

21

22

23

24

25

26

27

28

AFFIDAVIT RE: VENUE - HART v. COMCAST

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Case No.: _____

**STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

Nov. 14, 2007 4:11PM No. 1663 P. 2

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Mark N. Todzo, State Bar No. 168389
Lexington Law Group, LLP
1627 Irving Street, San Francisco, CA 94122
TELEPHONE NO: (415) 759-4111　　FAX NO: (415) 759-4112
ATTORNEY FOR (Name): Plaintiff Jon Hart

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS:
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94512
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Jon Hart v. Comcast of Alameda, Inc., et al.

FOR COURT USE ONLY

ENDORSED
FILED
ALAMEDA COUNTY

NOV 14 2007

CLERK OF THE SUPERIOR COURT
By SUSAN ERICKSON
Deputy

| AMENDED CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG07355993 |
|---|---|---|

[✓] Unlimited (Amount demanded exceeds $25,000)　[ ] Limited (Amount demanded is $25,000 or less)
[ ] Counter　[ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 1811)

JUDGE:
DEPT:

All five (5) items below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:
Auto Tort
[ ] Auto (22)
[ ] Uninsured motorist (46)
Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
Non-PI/PD/WD (Other) Tort
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
Employment
[ ] Wrongful termination (36)
[ ] Other employment (15)

Contract
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
Real Property
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
Unlawful Detainer
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
Judicial Review
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 1800-1812)
[ ] Antitrust/trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
Enforcement of Judgment
[ ] Enforcement of judgment (20)
Miscellaneous Civil Complaint
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
Miscellaneous Civil Petition
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [✓] Large number of separately represented parties　　d. [✓] Large number of witnesses
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve　　e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [✓] Substantial amount of documentary evidence　　f. [✓] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (specify): Five: Brch. of K., Brch. of Cov. of Gd. Fth., B&P, s.17200 & 17500, CLRA
5. This case [✓] is [ ] is not a class action suit.
Date: November 13, 2007

Mark N. Todzo
(TYPE OR PRINT NAME)　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800-1812;
Cal. Standards of Judicial Administration, § 19

American LegalNet, Inc.
www.USCourtForms.com

COPY

LEXINGTON LAW GROUP, LLP
Mark N. Todzo (168389)
Eric S. Somers (139050)
Howard J. Hirsch (213209)
1627 Irving Street
San Francisco, CA 94122
Telephone: (415) 759-4111
Facsimile: (415) 759-4112

Attorneys for Plaintiff
JON HART

ENDORSED
FILED
ALAMEDA COUNTY

NOV 1 8 2007

CLERK OF THE SUPERIOR COURT
By Tahne Perry, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY ALAMEDA

| | |
|---|---|
| JON HART, On Behalf of Himself and All Others Similarly Situated, and On Behalf of the General Public, <br><br> Plaintiff, <br><br> vs. <br><br> COMCAST OF ALAMEDA, INC.; COMCAST OF CALIFORNIA II, INC.; COMCAST OF CALIFORNIA III, INC.; COMCAST OF CALIFORNIA IX, INC.; COMCAST OF CALIFORNIA V, INC.; COMCAST OF CALIFORNIA VI, INC.; COMCAST OF CALIFORNIA X, INC.; COMCAST OF CALIFORNIA XIII, INC.; COMCAST CORPORATION; COMCAST OF FRESNO, INC.; COMCAST OF MARIN I, INC.; COMCAST OF MARIN II, INC.; COMCAST OF NORTHERN CALIFORNIA I, INC.; COMCAST OF NORTHERN CALIFORNIA II, INC.; COMCAST OF SACRAMENTO I, LLC; COMCAST OF SACRAMENTO II, LLC; COMCAST OF SAN LEANDRO, INC.; COMCAST OF SIERRA VALLEYS, INC.; and DOES 1-250, <br><br> Defendants. | Case No. RG 07955983 <br><br> BY FAX <br><br> AFFIDAVIT REGARDING PROPER VENUE PURSUANT TO CIVIL CODE §1780(c) |

BY FAX

AFFIDAVIT RE: VENUE - HART v. COMCAST

COPY

1    I, Mark N. Todzo, declare as follows:

2    1.    I am an attorney with the Lexington Law Group, LLP, and I represent Plaintiff

3 Jon Hart ("Plaintiff") in the above-entitled action. This Affidavit is submitted concurrently with

4 the filing of the Complaint pursuant to, and in compliance with, Civil Code §1780(c).

5    2.    Venue for this action is proper in Alameda County because a substantial portion

6 of the transaction at issue in the Complaint took place, and is taking place in Alameda County.

7    3.    In particular, a substantial portion of the wrongful conduct at the heart of this

8 case, Defendants' transmission of unauthorized hidden messages to the computers of customers

9 who utilize such applications, occurred in Alameda County and affected consumers in Alameda

10 County. Moreover, Defendants' false and misleading representations that Defendant's high

11 speed internet access had qualities, characteristics, uses and/or benefits which it does not, were

12 made in Alameda County.

13    4.    Venue is therefore proper in Alameda County pursuant to Civil Code §1780(c).

14

15    I declare under penalty of perjury under the laws of the State of California that the

16 foregoing is true and correct. Executed on November 13, 2007 at San Francisco, California.

17

18                                                                                                                                 Mark N. Todzo

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT RE: VENUE - HART v. COMCAST

1    LEXINGTON LAW GROUP, LLP
     Mark N. Todzo (168389)
2    Eric S. Somers (139050)
     Howard J. Hirsch (213209)
3    1627 Irving Street
     San Francisco, CA 94122
4    Telephone: (415) 759-4111
     Facsimile: (415) 759-4112
5

6    Attorneys for Plaintiff
     JON HART

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF ALAMEDA

| | |
|---|---|
| 10   JON HART, On Behalf of Himself and All Others Similarly Situated, and On Behalf of the General Public, | ) Case No.   RG 07355993 |
| 11 | ) |
| 12            Plaintiff, | ) CLASS ACTION |
| 13     vs. | ) COMPLAINT FOR: |
| 14   COMCAST OF ALAMEDA, INC.; COMCAST OF CALIFORNIA II, INC.; COMCAST OF | ) (1)    BREACH OF CONTRACT; |
| 15   CALIFORNIA III, INC.; COMCAST OF CALIFORNIA IX, INC.; COMCAST OF | ) (2)    BREACH OF THE COVENANT OF GOOD FAITH AND FAIR |
| 16   CALIFORNIA V, INC.; COMCAST OF CALIFORNIA VI, INC.; COMCAST OF | )      DEALING; |
| 17   CALIFORNIA X, INC.; COMCAST OF CALIFORNIA XIII, INC.; COMCAST | ) (3)    BUSINESS AND PROFESSIONS CODE §17200 et seq.; |
| 18   CORPORATION; COMCAST OF FRESNO, INC.; COMCAST OF MARIN I, INC.; | ) (4)    BUSINESS AND PROFESSIONS |
| 19   COMCAST OF MARIN II, INC.; COMCAST OF NORTHERN CALIFORNIA I, INC.; | )      CODE §17500 et seq.; and |
| 20   COMCAST OF NORTHERN CALIFORNIA II, INC.; COMCAST OF SACRAMENTO I, LLC; | ) (5)    CONSUMER LEGAL REMEDIES ACT |
| 21   COMCAST OF SACRAMENTO II, LLC; COMCAST OF SAN LEANDRO, INC.; | ) |
| 22   COMCAST OF SIERRA VALLEYS, INC.; and DOES 1-250, | ) DEMAND FOR JURY TRIAL |
| 23 | ) |
| 24           Defendants. | ) |

25

26

27

28

1    Plaintiff Jon Hart ("Plaintiff"), on behalf of himself, those similarly situated, and the

2    general public, based on information and belief and investigation of his counsel, except for

3    information based on personal knowledge, hereby alleges:

4    ### NATURE OF ACTION

5    1.    Defendants advertise, market and sell their high speed internet service (the

6    "Service") based on claims of "lightning fast" and "mind-blowing" speeds. Defendants further

7    promise their customers and prospective customers that they will have "unfettered access to all

8    the internet has to offer." Nevertheless, Defendants intentionally and severely impede the use of

9    certain internet applications by their customers, slowing such applications to a mere crawl or

10   stopping them altogether. This class action complaint seeks to end Defendants' practice and

11   seeks recovery of fees paid by customers who paid for services they did not receive.

12   2.    Defendants' breach of their promises to provide unfettered access to the internet

13   constitutes a breach of its contract as well as a breach of the implied covenant of good faith and

14   fair dealing. Defendants' marketing and advertising, all of which is based on representations of

15   the speed at which users may download and upload content onto the internet is deceptive, given

16   Defendants' practice of severely limiting the speed of certain internet applications such as peer-

17   to-peer file sharing and lotus notes (the "Blocked Applications"). As such, Defendants'

18   advertising practices violate the Consumers Legal Remedies Act (Civil Code §1750, *et seq.*,

19   hereinafter the "CLRA"), and constitute an unlawful, unfair and fraudulent business practice

20   under Business & Professions Code §17200 and false and misleading advertising under Business

21   & Professions Code §17500.[1]

22   3.    Defendants impede their customers' access to the Blocked Applications by

23   transmitting unauthorized hidden messages to the computers of customers who utilize such

24   applications. These transmissions severely impair and/or completely block the customers' use

25   of the Blocked Applications by telling the computers to stop communicating via such

26   applications. Thus, Defendants' unauthorized interference with its customers' computers results

27

28      [1]    All statutory references herein are to California statutes, unless otherwise noted.

- 1 -

1   in such customers' loss of use of their computers and the Service.  Accordingly, Defendants'

2   practice constitutes unlawful acts in violation of the Computer Fraud and Abuse Act, 18 U.S.C.

3   §1030 (the "CFAA").  Additionally, by impairing use of the Blocked Applications while

4   permitting the unimpaired use of other applications, Defendants unfairly discriminate against

5   certain internet applications, in violation of established Federal Communications Commission

6   ("FCC") policy.

7        4.     Accordingly, Plaintiff and the class seek contract damages to compensate them

8   for the impediments to their Service.  Plaintiff and the class further seek an order enjoining

9   Defendants' acts of unfair competition and false and misleading advertising and awarding

10   restitution to the individual victims of Defendants' unfair and deceptive practices pursuant to

11   Business & Professions Code §§17203 and 17535.  In addition, Plaintiff and the class of

12   similarly situated California individuals on whose behalf Plaintiff brings this action seek an

13   injunction and actual and punitive damages pursuant to the CLRA.

14                             **PARTIES**

15        5.     Plaintiff Jon Hart is a citizen of the State of California.  Plaintiff is a "person"

16   within the meaning of Business & Professions Code §17204, and brings this action on behalf of

17   himself, those similarly situated and the general public.  Plaintiff is a purchaser of the Service

18   and has experienced severe limitations on the speed of the Service when he utilizes Blocked

19   Applications.

20        6.     Defendant Comcast of Alameda, Inc. is a California corporation and is a person

21   within the meaning of Business & Professions Code §17201.  Comcast of Alameda, Inc.

22   distributes, markets and/or sells the Service for use in California.

23        7.     Defendant Comcast of California II, Inc. is a California corporation and is a

24   person within the meaning of Business & Professions Code §17201.  Comcast of California II,

25   Inc.  distributes, markets and/or sells the Service for use in California.

26

27

28

8.    Defendant Comcast of California III, Inc. is a California corporation and is a person within the meaning of Business & Professions Code §17201. Comcast of California III, Inc. distributes, markets and/or sells the Service for use in California.

9.    Defendant Comcast of California IX, Inc. is a California corporation and is a person within the meaning of Business & Professions Code §17201. Comcast of California IX, Inc. distributes, markets and/or sells the Service for use in California.

10.    Defendant Comcast of California V, Inc. is a California corporation and is a person within the meaning of Business & Professions Code §17201. Comcast of California V, Inc. distributes, markets and/or sells the Service for use in California.

11.    Defendant Comcast of California VI, Inc. is a California corporation and is a person within the meaning of Business & Professions Code §17201. Comcast of California VI, Inc. distributes, markets and/or sells the Service for use in California.

12.    Defendant Comcast of California X, Inc. is a California corporation and is a person within the meaning of Business & Professions Code §17201. Comcast of California X, Inc. distributes, markets and/or sells the Service for use in California.

13.    Defendant Comcast of California XIII, Inc. is a California corporation and is a person within the meaning of Business & Professions Code §17201. Comcast of California XIII, Inc. distributes, markets and/or sells the Service for use in California.

14.    Defendant Comcast Corporation is a Pennsylvania corporation and is a person within the meaning of Business & Professions Code §17201. Comcast Corporation distributes, markets and/or sells the Service for use in California.

15.    Defendant Comcast of Fresno, Inc. is a California corporation and is a person within the meaning of Business & Professions Code §17201. Comcast of Fresno, Inc. distributes, markets and/or sells the Service for use in California.

16.    Defendant Comcast of Marin I, Inc. is a California corporation and is a person within the meaning of Business & Professions Code §17201. Comcast of Marin I, Inc. distributes, markets and/or sells the Service for use in California.

1      17.    Defendant Comcast of Marin II, Inc. is a California corporation and is a person

2  within the meaning of Business & Professions Code §17201. Comcast of Marin II, Inc.

3  distributes, markets and/or sells the Service for use in California.

4      18.    Defendant Comcast of Northern California I, Inc. is a California corporation and

5  is a person within the meaning of Business & Professions Code §17201. Comcast of Northern

6  California I, Inc. distributes, markets and/or sells the Service for use in California.

7      19.    Defendant Comcast of Northern California II, Inc. is a California corporation and

8  is a person within the meaning of Business & Professions Code §17201. Comcast of Northern

9  California II, Inc. distributes, markets and/or sells the Service for use in California.

10     20.    Defendant Comcast of Sacramento I, LLC is a California corporation and is a

11  person within the meaning of Business & Professions Code §17201. Comcast of Sacramento I,

12  LLC distributes, markets and/or sells the Service for use in California.

13     21.    Defendant Comcast of Sacramento II, LLC is a California corporation and is a

14  person within the meaning of Business & Professions Code §17201. Comcast of Sacramento II,

15  LLC distributes, markets and/or sells the Service for use in California.

16     22.    Defendant Comcast of San Leandro, Inc. is a California corporation and is a

17  person within the meaning of Business & Professions Code §17201. Comcast of San Leandro,

18  Inc. distributes, markets and/or sells the Service for use in California.

19     23.    Defendant Comcast of Sierra Valleys, Inc. is a California corporation and is a

20  person within the meaning of Business & Professions Code §17201. Comcast of Sierra Valleys,

21  Inc. distributes, markets and/or sells the Service for use in California.

22     24.    Defendant Does 1 through 250 are persons or entities whose true names and

23  capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious

24  names. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously

25  named defendants perpetrated some or all of the wrongful acts alleged herein and are responsible

26  in some manner for the matters alleged herein. Plaintiff will amend this complaint to state the

27  true names and capacities of such fictitiously named defendants when ascertained.

28

1     25.    The term "Defendants," as used herein, is defined to mean the Defendants named

2  in paragraphs 6-23, as well as all Defendant DOES 1-250.

3     26.    At all times herein mentioned, each defendant was the agent, servant, employee,

4  co-conspirator and/or joint venturer of each of the other defendants.  In doing the things alleged

5  in the causes of action stated herein, each and every defendant was acting within the course and

6  scope of this agency, employment, conspiracy, and/or joint venture, and was acting with the

7  consent, permission and authorization of each of the other defendants.  All actions of each

8  defendant, as alleged in the causes of action stated herein, were ratified, approved and/or

9  authorized by every other defendant with full knowledge of such acts.  Defendants are thus

10  jointly and severally liable for such actions.

11                **JURISDICTION AND VENUE**

12     27.    The Court has jurisdiction over this action pursuant to Business and Professions

13  Code §17203, which allows enforcement in any court of competent jurisdiction.  The California

14  Superior Court has jurisdiction over this action pursuant to California Constitution Article VI,

15  §10, which grants the Superior Court "original jurisdiction in all cases except those given by

16  statute to other trial courts."  The statutes under which this action is brought do not grant

17  jurisdiction to any other trial court.

18     28.    This Court has jurisdiction over Defendants because each is a corporation or

19  partnership that has sufficient minimum contacts in California, is a citizen of California, or

20  otherwise intentionally avails itself of the California market through its marketing and sales of

21  the Service in the State of California and/or by having such other contacts with California so as

22  to render the exercise of jurisdiction over it by the California courts consistent with traditional

23  notions of fair play and substantial justice.

24     29.    Venue is proper in the Alameda Superior Court pursuant to California Code of

25  Civil Procedure Code ("CCP") §§395 and 395.5, Business & Professions Code §17204 and Civil

26  Code §1780(c) because Defendants do business in this county, at least part of the liability arose

27

28

1    in this county, and a substantial part of the events and conduct giving rise to the violations of law

2    asserted herein occurred in this county.

3                          **CLASS ACTION ALLEGATIONS**

4          30.    Plaintiff brings this suit as a class action pursuant to CCP §382 and Civil Code

5    §1781, on behalf of himself and the class defined as follows:

6                all persons in California who purchased the Service between
                 November 13, 2003 and the present and used or attempted to use
7                peer-to-peer or online file sharing applications and/or lotus notes.
                 Specifically excluded from this Class are Defendants; the officers,
8                directors or employees of Defendants; any entity in which
                 Defendants have a controlling interest; and any affiliate, legal
9                representative, heir or assign of Defendants. Also excluded are any
10               federal, state or local governmental entities, any judicial officer
                 presiding over this action and the members of his/her immediate
11               family and judicial staff, and any juror assigned to this action.
12

13   (the "Class").

14         31.    The Class is sufficiently numerous as it includes hundreds or thousands of

15   persons who have purchased the Service throughout California.  Thus, joinder of such persons in

16   a single action or bringing all members of the Class before the Court is impracticable.  The

17   disposition of the Class members' claims in this class action will substantially benefit both the

18   parties and the Court.

19         32.    There is a well-defined community of interest in the questions of law and fact

20   involved in this action and affecting the parties.  These common questions of law and fact

21   substantially predominate over any questions that may affect only individual Class members.

22   Among these common questions of law and fact are:

23               (a)    whether Defendants advertise and market the Service by promoting the

24   speed at which its customers may download and upload data from the internet;

25               (b)    whether Defendants promise that customers of the Service will be

26   provided with unfettered access to the internet;

27               (c)    whether Defendants block the Blocked Applications;

28               (d)    whether Defendants impede the Blocked Applications;

                                  - 6 -

1       (e)    · whether Defendants' blockage or impediment of the Blocked Applications

2  constitutes a breach of the contract;

3       (f)    whether there is an enforceable written contract between Defendants and

4  the Class;

5       (g)    whether Defendants' blockage or impediment of the Blocked Applications

6  results in aggregate loss by the Class in excess of $5000;

7       (h)    whether Defendants' blockage or impediment of the Blocked Applications

8  constitutes a violation of the CFAA;

9       (i)    whether Defendants' blockage or impediment of the Blocked Applications

10 while permitting unfettered use of other applications constitutes a violation of Federal

11 Communications Commission ("FCC") Policy Statement, FCC 05151;

12      (j)    whether Defendants' marketing and advertising is likely to deceive the

13 Class; and

14      (h)    whether members are entitled to compensatory, injunctive and other

15 equitable relief.

16     33.    Plaintiff asserts claims that are typical of the claims of the entire Class. Plaintiff

17 and all Class members have been subjected to the same wrongful conduct because they have

18 purchased the Service, which does not perform in the manner that Defendants represent:

19 Plaintiff and the Class have thus all overpaid for the Service.

20     · 34.    Plaintiff will fairly and adequately represent and protect the interests of the other

21 Class members and has no interests antagonistic to those of other Class members. Plaintiff is

22 committed to the vigorous prosecution of this action and has retained counsel experienced in

23 litigation of this nature to represent him. Plaintiff anticipates no difficulty in the management of

24 this litigation as a class action.

25     35.    Proceeding as a class action provides substantial benefits to both the parties and

26 the Court because this is the most efficient method for the fair and efficient adjudication of the

27 controversy. Class members have suffered and will suffer irreparable harm and damages as a

28

1    result of Defendants' wrongful conduct. Because of the nature of the individual Class members'

2    claims, few, if any, could or would otherwise afford to seek legal redress against Defendants for

3    the wrongs complained of herein, and a representative class action is therefore appropriate, the

4    superior method of proceeding, and essential to the interests of justice insofar as the resolution of

5    Class members' claims is concerned. Absent a representative class action, Class members would

6    continue to suffer losses for which they would have no remedy, and Defendants would unjustly

7    retain the proceeds of their ill-gotten gains. Even if separate actions could be brought by

8    individual members of the Class, the resulting multiplicity of lawsuits would cause undue

9    hardship and expense for the Court and the litigants, as well as create a risk of inconsistent

10    rulings which might be dispositive of the interests of the other Class members who are not

11    parties to the adjudications and/or may substantially impede their ability to protect their interests.

12    **BACKGROUND FACTS**

13    36.    Defendants market and/or sell the Service. The Service is designed to provide

14    Defendants' customers with high-speed access to the internet. Accordingly, Defendants refer to,

15    market and sell the Service under the name "High Speed Internet."

16    37.    The speed at which a user is able to access the internet is one of the most

17    important aspects of internet service. Internet access speed is particularly important for

18    individuals who download and/or upload large files and is thus particularly material to Plaintiff

19    and members of the Class.

20    38.    Users of the Blocked Applications typically download and/or upload large files,

21    so internet access speed is particularly important to such users.

22    39.    Plaintiff and the Class are users of Blocked Applications.

23    40.    Defendants' advertising and marketing of the Service revolves around claims

24    regarding the speed of the Service. For example, Defendants make the following representations

25    concerning the Service in their advertising:

26        *    Get on the fast track...fast. With Comcast High-Speed Internet, surf the

27            web at lightning speed;

28

1       *     Stop crawling the web and start burning rubber with scorching speeds.

2       *     Stop crawling the web and start burning rubber with our Performance (6

3             Mpbs) service!  And now with PowerBoost, our fast connection gets even

4             faster.

5       *     Zoom around the web at mind-blowing speeds.

6       *     Comcast High-Speed Internet delivers everything you need to get the most

7             from your Internet experience.  Download at crazy-fast speeds.

8       *     Our customers enjoy unfettered access to all the content, services, and

9             applications that the internet has to offer.

10      *     Way faster than DSL ... up to 4 times faster than 1.5 Mbps DSL and up to

11            twice as fast as 3.0 Mbps DSL.

12     41.     Plaintiff upgraded his internet service to Defendants' High-Speed Internet

13 Performance Plus in September 2007 in order to gain faster uploads and downloads to and from

14 the internet.  A major reason for the upgrade, was to enable Plaintiff to utilize the Blocked

15 Applications, which require high speed internet access.

16     42.     Defendants have numerous different terms of service and/or use posted on their

17 website.  In addition, at the time a potential subscriber attempts to purchase the service on

18 Defendants' website, a scroll window opens with the Comcast High-Speed Internet Subscriber

19 Agreement (the "Agreement").  Although only 10-15 lines of text are visible at one time in the

20 scroll box, if the Agreement is cut and pasted into a word processor, it is 22 pages of single-

21 spaced text.  Given these different documents referencing the terms of use of the Service, it is not

22 easy to determine what, if any contract applies to the Service.  However, all of the different

23 terms of service promise that Defendants will provide the Service.  Many of the terms of service

24 explicitly reference the internet access speeds.  For example, the Terms and Conditions state that

25 "Comcast speed tiers range from 4.0 to 16.0 Mbps download speed (maximum upload speed

26 from 384Kbps to 786Kbps respectively)."  Significantly, none of the terms of service state that

27

28

1  Comcast can or will impede, limit, discontinue, block or otherwise impair or treat differently the

2  Blocked Applications.

3      43.    Plaintiff and Class members have performed their obligations under the terms of

4  their agreements with Defendants by paying their monthly charges.

5      44.    Nevertheless, Defendants severely impede and/or block the Blocked Applications

6  used by Plaintiff and the Class.  As a result of Defendants' impairment, Plaintiff and the Class

7  experience internet upload and download speeds for the Blocked Applications that are

8  exponentially slower than the speeds advertised by Defendants and/or experience complete

9  blockage of their file sharing applications.

10      45.    Defendants actively and intentionally slow and/or block the Blocked Applications

11  by sending hidden messages to computers that are running file sharing applications.  These

12  hidden messages appear to the computer as coming from the other computers with which it is

13  sharing files, telling it to stop communicating.  The result is that file sharing applications are

14  completely blocked or severely impeded.

15      46.    Plaintiff and the Class did not authorize Defendants to send them hidden

16  messages in order to block and/or impair their use of the Blocked Applications.

17      47.    Plaintiff and the Class have suffered damage as a result of Defendants'

18  transmission of unauthorized messages.  Plaintiff and the Class have suffered a loss of use of

19  their computers and the Service as a result of Defendants' unauthorized transmissions.  The loss

20  to Plaintiff and the Class exceeds $5,000.

21      48.    On September 23, 2005, the FCC issued a Policy Statement, FCC 05-155, that set

22  out its policy that internet network services should be operated in a neutral manner.  The FCC's

23  policy of network neutrality furthers a number of principles including that:

24          *      "consumers are entitled to access the lawful Internet content of their

25                 choice;

26          *      "consumers are entitled to run applications and use services of their

27                 choice, subject to the needs of law enforcement.

28

1    49.    Defendants' policy of discriminating against use of the Blocked Applications

2    violates FCC Policy Statement, FCC 05-155.

3    <u>FIRST CAUSE OF ACTION</u>

4    **(Breach of Contract)**

5    50.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 49

6    of this Complaint.

7    51.    Plaintiff and the Class entered into a written or implied contract with Defendants

8    to pay monthly fees in order to obtain the Service.

9    52.    Plaintiff and members of the Class performed their obligations under the contract

10    by paying their monthly fees.  Nevertheless, Defendants unjustifiably breached the contract by

11    restricting Plaintiff's and the Class' access to, and use of, the Service.

12    53.    Plaintiff and members of the Class were damaged by Defendants' breach of the

13    contract in that they did not receive the Service for which they paid, and are therefore entitled to

14    damages according to proof at trial.

15    Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

16    <u>SECOND CAUSE OF ACTION</u>

17    **(Breach of Implied Covenant of Good Faith and Fair Dealing)**

18    54.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 53

19    of this Complaint.

20    55.    In exchange for payment of a monthly fee by Plaintiff and the Class, Defendants

21    agreed to provide the Service to Plaintiff and the Class.  Defendants did not inform Plaintiff and

22    the Class that it could or would limit their service by impeding and/or blocking the Blocked

23    Applications.  In fact, Defendants told Plaintiff and the Class that they would "enjoy unfettered

24    access to all the content, services, and applications that the internet has to offer."

25    56.    Plaintiff and members of the Class purchased the Service with the reasonable

26    expectation that they would have full access to the Service, including when using the Blocked

27    Applications.

28

COMPLAINT - HART v. COMCAST

1       57.    In addition, Plaintiff and members of the Class purchased the Service with the

2    reasonable expectation that Defendants would deal with them honestly, fairly, equitably, in good

3    faith and in full conformity with the fundamental and implied terms of the contract.  Defendants

4    brought about and intended this expectation through the language used in its terms of use and in

5    the Agreement, through their advertising, and through the express representations of their

6    employees, agents and representatives.

7       58.    In breach of the covenant of good faith and fair dealing, Defendants have blocked

8    and/or impeded use of the Service by Plaintiff and the Class by impairing use of the Blocked

9    Applications.  Defendants have thus unreasonably denied Plaintiff and Class members the

10   benefit of their bargain.

11      59.    Defendants have materially and fundamentally breached the duty of good faith

12   and fair dealing owed to Plaintiff and members of the Class in at least the following respects:

13          a.    Unreasonably, secretly, and in bad faith scheming to impede use of the

14   Blocked Applications;

15          b.    Unreasonably and in bad faith failing to clearly and definitely notify

16   Plaintiff and members of the Class of the fact that Plaintiff and members of the Class would be

17   unable to use the Blocked Applications;

18          c.    Unreasonably and in bad faith continuing to misrepresent to Plaintiff and

19   members of the Class that they would enjoy unfettered access to the internet, when in fact

20   Defendants were impeding their access to the internet; and

21          d.    Unreasonably and in bad faith putting the interest of Defendants ahead of

22   Plaintiff and the Class members.

23      60.    Defendants' conduct represents a failure and/or refusal to discharge their

24   contractual responsibilities, prompted by a conscious and deliberate act, which unfairly frustrates

25   the agreed common purposes and disappoints the reasonable expectations of Plaintiff and

26   members of the Class and thereby deprives Plaintiff and members of the Class of the benefits of

27   the agreed-upon terms in the Agreement.

28

1    61.    Plaintiff and members of the Class performed their obligations under the written

2    or implied contract by paying their monthly fees.

3    62.    Plaintiff and members of the Class were damaged by Defendants' breach of the

4    covenant of good faith and fair dealing in that they did not receive the benefits of the Service for

5    which they paid, and are therefore entitled to damages according to proof at trial.

6    Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

7    <u>**THIRD CAUSE OF ACTION**</u>

8    **(Violations of the Consumer Legal Remedies Act – Injunctive Relief Only)**

9    63.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 62

10   of this Complaint.

11   64.    The acts and practices of Defendants as described above were intended to deceive

12   Plaintiff and the Class members as described herein and has resulted and will result in damages

13   to Plaintiff and the Class members.  These actions violated and continue to violate the CLRA in

14   at least the following respects:

15       a.    In violation of Section 1770(a)(5) of the CLRA, Defendants' acts and

16   practices constitute representations that the Service has characteristics, uses and/or benefits

17   which it does not;

18       b.    In violation of Section 1770(a)(7) of the CLRA, Defendants' acts and

19   practices constitute representations that the Service is of a particular quality which it is not; and

20       c.    In violation of Section 1770(a)(9) of the Act, Defendants' acts and

21   practices constitute the advertisement of the goods in question without the intent to sell them as

22   advertised.

23   65.    By reason of the foregoing, Plaintiff and the Class members have been irreparably

24   harmed.

25   66.    By committing the acts alleged above,  violated the CLRA.

26   67.    In compliance with the provisions of California Civil Code §1782, in conjunction

27   with the filing of this action, while the Complaint is an appropriate notice of violation, Plaintiff

28

COMPLAINT - HART v. COMCAST

1  will notify Defendants in writing of the particular violations of §1770 of the Act and demand

2  Defendants rectify the actions described above by refunding the purchase price and give notice

3  to all affected consumers of their intent to do so.  Plaintiff will send this notice by certified mail,

4  return receipt requested, to Defendants' principal places of business.

5          68.    If Defendants fail, within thirty days after receipt of the §1782 notice, to

6  adequately respond to Plaintiff's demand to rectify the wrongful conduct described above on

7  behalf of all Class members, Plaintiff will amend the Complaint to seek actual and punitive

8  damages for violations of the CLRA.

9          69.    Plaintiff and Class members are entitled, pursuant to California Civil Code

10  §1780(a)(2), to an order: (1) enjoining the above-described wrongful acts and practices; (2)

11  requiring payment of damages to Plaintiff and the Class; and (3) requiring the payment of

12  restitution to Plaintiff and the Class.  In addition, Plaintiff and the Class are entitled to the

13  payment of costs and attorneys' fees and any other relief deemed appropriate and proper by the

14  Court under California Civil Code §1780(d).

15          Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

16  **FOURTH CAUSE OF ACTION**

17  **(Violations of Business & Professions Code §17200 *et seq*.**
    **Based On Fraudulent Acts And Practices)**

18

19          70.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 69
    of this Complaint.

20

21          71.    Under Business & Professions Code §17200, any business act or practice that is

22  likely to deceive members of the public constitutes a fraudulent business act or practice.

23          72.    Defendants have engaged and continue to engage in conduct that is likely to

24  deceive Plaintiff and members of the Class, all of whom are members of the general public.  This

25  conduct includes, but is not limited to, promoting and advertising the fast speeds that apply to the

26  Service without limitation, when, in fact, Defendants severely limit the speed of the Service for

27  certain applications.  It further includes Defendants' misrepresentations that its customers will

28  enjoy "unfettered access" to all internet applications, when, in fact, Defendants not only fetter

- 14 -

1  certain applications, but completely block them. Further, Defendants deceive consumers into

2  purchasing the Service in the mistaken belief that they will be able to utilize the Service for file

3  sharing applications, while actively limiting and/or blocking such applications.

4       73.    The speed at which a user is able to access the internet is an important and

5  material factor to consumers of high speed internet services and is especially important and

6  material to users of Blocked Applications including Plaintiff and the Class.

7       74.    By committing the acts alleged above, Defendants have engaged in fraudulent

8  business acts and practices, which constitute unfair competition within the meaning of Business

9  & Professions Code §17200.

10       75.    Plaintiff and the Class have all paid money for the Service. However, Plaintiff

11  and the Class did not obtain the full value of the advertised Service due to Defendants'

12  undisclosed obstruction of certain file sharing applications. Accordingly, Plaintiff and the Class

13  have suffered injury in fact and lost money or property as a result of Defendants' acts of false

14  advertising.

15       76.    An action for injunctive relief and restitution is specifically authorized under

16  Business & Professions Code §17203.

17       Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

18  **FIFTH CAUSE OF ACTION**

19  **(Violations of Business & Professions Code §17500 *et seq.*)**

20       77.    Plaintiff realleges and incorporates by reference as if specifically set forth herein

21  Paragraphs 1 through 76 inclusive.

22       78.    Business & Professions Code §17500 provides that it is unlawful for any

23  corporation to knowingly make, by means of any advertising device or otherwise, any untrue or

24  misleading statement with the intent to sell a product or service, or to induce the public to

25  purchase a product or service. Any statement in advertising that is likely to deceive members of

26  the public constitutes false and misleading advertising under Business & Professions Code

27  §17500.

28

79.    Defendants have disseminated, and continues to disseminate advertising, that they know or should reasonably know is false and misleading. This conduct includes, but is not limited to, promoting and advertising the fast speeds that apply to the Service without limitation, when, in fact, Defendants severely limit the speed of the Service for certain applications. It further includes Defendants' misrepresentations that their customers will enjoy "unfettered access" to all internet applications, when, in fact, Defendants not only fetter certain applications, but completely block them. Defendants know or reasonably should know that this advertising is false and misleading as set forth in detail in the preceding paragraphs.

80.    By committing the acts alleged above, Defendants have knowingly disseminated untrue and/or misleading statements in an advertising or other device in order to sell or induce members of the public to purchase the Service, in violation of Business & Professions Code §17500.

81.    Plaintiff and the Class have all paid money for the Service. However, Plaintiff and the Class did not obtain the full value of the advertised Service due to Defendants' undisclosed obstruction of the Blocked Applications. Accordingly, Plaintiff and the Class have suffered injury in fact and lost money or property as a result of Defendants' acts of false advertising.

82.    An action for injunctive relief and restitution is specifically authorized for violations of Business & Professions Code §17500 *et seq.* under Business & Professions Code §17535. Business & Professions Code §17534.5 provides that "the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state."

Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

### SIXTH CAUSE OF ACTION

**(Violations of Business & Professions Code §17200 *et seq.***
**Based on Commission of Unlawful Acts)**

83.    Plaintiff realleges and incorporates by reference as if specifically set forth herein Paragraphs 1 through 82 inclusive.

- 16 -

84.    The violation of any law constitutes an unlawful business practice under Business & Professions Code §17200.

85.    As detailed more fully in the preceding paragraphs, the acts and practices alleged herein were intended to or did result in the sale of the Service in violation of the CLRA, Civil Code Section 1750, *et seq.*, and specifically Section 1770(a)(5), Section 1770(a)(7), and Section 1770(a)(9).

86.    As detailed more fully above, Defendants have committed violations of Business & Professions Code §17500 *et seq.* by knowingly disseminating and continuing to disseminate false and misleading advertisements regarding the Service.

87.    By violating the CLRA and Business & Professions Code §17500, Defendants have engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code §17200.

88.    Under the CFAA, it is unlawful to knowingly and without authorization cause the transmission of a program, information, code or command to a computer used for interstate commerce or communication, where such transmission causes damage, and the aggregate resulting loss is at least $5,000 in value. 18 U.S.C. §1030(a)(5). By sending unauthorized secret messages to the computers of Plaintiff and the Class in order to block and/or impede their use of the Blocked Applications, Defendants have caused Plaintiff and the Class to suffer damage and loss as set forth above, in an aggregate amount in excess of $5,000. Accordingly, Defendants have violated the CFAA.

89.    By violating the CFAA, Defendants have engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code §17200.

90.    As detailed above, Defendants' practice of discriminating against use of the Blocked Applications violates FCC Policy Statement, FCC 05-151. By violating the FCC policy, Defendants have engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code §17200.

91.    Plaintiff and the Class have all paid money for the Service.  However, Plaintiff and the Class did not obtain the full value of the advertised Service due to Defendants' undisclosed obstruction of certain file sharing applications.  Accordingly, Plaintiff and the Class have suffered injury in fact and lost money or property as a result of Defendants' acts of false advertising.

92.    An action for injunctive relief and restitution is specifically authorized under Business & Professions Code §17203.

Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

## SEVENTH CAUSE OF ACTION

### (Violations of Business & Professions Code §17200 *et seq.* Based on Unfair Acts and Practices)

93.    Plaintiff realleges and incorporates by reference as if specifically set forth herein Paragraphs 1 through 92 inclusive.

94.    Under Business & Professions Code §17200, any business act or practice that is unethical, oppressive, unscrupulous and/or substantially injurious to consumers, or that violates a legislatively declared policy, constitutes an unfair business act or practice.

95.    Defendants have engaged, and continues to engage, in conduct which is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers.  This conduct includes, but is not limited to misrepresenting that its customers enjoy unfettered access to all internet applications while at the same time severely limiting access to certain applications by sending hidden messages to its customers computers.  Defendants deceive consumers into purchasing the Service in the mistaken belief that they will be able to utilize the Service for use of the Blocked Applications, while actively limiting and/or blocking such applications.  Defendants' scheme was and is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers.   The gravity of harm caused by Defendants' conduct as described herein far outweighs the utility, if any, of such conduct.

96.    Defendants have engaged, and continue to engage, in conduct which violates the legislatively declared policy of the CLRA against misrepresenting the characteristics, uses,

1  benefits, and quality of goods and services for sale. In addition, Defendants have engaged, and

2  continue to engage in conduct which violates the policies behind the CFAA and FCC Policy 05-

3  151.

4     97.    By committing the acts alleged above, Defendants have engaged in unfair

5  business acts and practices which constitute unfair competition within the meaning of Business

6  & Professions Code §17200.

7     98.    Plaintiff and the Class have all paid money for the Service. However, Plaintiff

8  and the Class did not obtain the full value of the advertised Service due to Defendants'

9  undisclosed obstruction of certain file sharing applications. Accordingly, Plaintiff and the Class

10 have suffered injury in fact and lost money or property as a result of Defendants' acts of false

11 advertising.

12     99.    An action for injunctive relief and restitution is specifically authorized under

13 Business & Professions Code §17203.

14          Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

15                              **PRAYER FOR RELIEF**

16     WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

17     A.    That the Court declare this a class action;

18     B.    That the Court preliminarily and permanently enjoin Defendants from conducting

19 their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and

20 misleading advertising and other violations of law described in this Complaint;

21     C.    That the Court order Defendants to conduct a corrective advertising and

22 information campaign advising consumers that the Service does not have the characteristics,

23 uses, benefits, and quality Defendants have claimed;

24     D.    That the Court order Defendants to implement whatever measures are necessary

25 to remedy the unlawful, unfair or fraudulent business acts or practices, untrue and misleading

26 advertising and other violations of law described in this Complaint;

27

28

1    E.    That the Court order Defendants to notify each and every member of the Class of

2    the pendency of the claims in this action in order to give such individuals and businesses an

3    opportunity to obtain restitution from Defendants;

4    F.    That the Court order Defendants to pay restitution to restore to all affected

5    persons all funds acquired by means of any act or practice declared by this Court to be an

6    unlawful, unfair or a fraudulent business act or practice, untrue or misleading advertising or a

7    violation of the CLRA, CFAA and/or FCC Policy 05-151, plus pre-judgment and post-judgment

8    interest thereon;

9    G.    That the Court order Defendants to disgorge all monies wrongfully obtained and

10    all revenues and profits derived by Defendants as a result of their acts or practices as alleged in

11    this Complaint;

12    H.    As to the First and Second Causes of Action, that the Court award damages

13    calculated as purchase price of the Products here at issue, plus any out-of-pocket costs associated

14    with the replacement of such Products, plus pre-judgment and post-judgment interest thereon;

15    I.    As to the Second Cause of Action, that the Court impose statutory, punitive

16    and/or exemplary damages for Defendants' acts constituting oppression, fraud or malice in an

17    amount sufficient to punish and deter others from similar wrongdoing;

18    J.    That the Court grant Plaintiff his reasonable attorneys' fees and costs of suit

19    pursuant to Code of Civil Procedure §1021.5, Civil Code § 1780(d), the common fund doctrine

20    and/or any other applicable legal theory; and

21    K.    That the Court grant such other and further relief as may be just and proper.

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28

**JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action so triable.

DATED: November _13_, 2007

Respectfully submitted,

LEXINGTON LAW GROUP, LLP

Mark N. Todzo, Esq.
Attorneys for Plaintiff
JON HART

COMPLAINT - HART v. COMCAST

Lexington Law Group, LLP
Attn: Todzo, Mark N.
1627 Irving Street
San Francisco, CA   94122

Comcast Of Alameda, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Hart

          VS.

            Plaintiff/Petitioner(s)

Comcast Of Alameda, Inc.

          Defendant/Respondent(s)
         (Abbreviated Title)

No. RG07355993

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

        Complex Determination Hearing
        Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 12/20/2007   TIME: 02:00 PM   DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
        1221 Oak Street, Oakland

Case Management Conference:
DATE: 01/24/2008   TIME: 02:00 PM   DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
        1221 Oak Street, Oakland

**RECEIVED**

NOV 2 1 2007

**LEGAL DIVISION**

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6936.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  11/14/2007                                         Executive Officer / Clerk of the Superior Court

                                        By                                    
                                                                           _____
                                                                           Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

         Executed on 11/14/2007.

                                        By                                    
                                                                           _____
                                                                           Deputy Clerk

1  Mark N. Todzo, State Bar No. 168389
   Eric S. Somers, State Bar No. 139050
2  Howard J. Hirsch, State Bar No. 213209
   Ryan Cabinte, State Bar No. 230792
3  LEXINGTON LAW GROUP, LLP
   1627 Irving Street
4  San Francisco, CA  94122
   Telephone: (415) 759-4111
5  Facsimile: (415) 759-4112

6  Attorneys for Plaintiff
   JON HART

7

8

9          IN THE SUPERIOR COURT OF THE STATE CALIFORNIA

10              FOR THE COUNTY OF ALAMEDA

11

12  JON HART, On Behalf of Himself and All Others     )    **PROOF OF SERVICE**
    Similarly Situated, and On Behalf of the General   )
13  Public,                                            )
                                                       )    Case No.: RG 07-355993
14                                     Plaintiff,      )
                                                       )
15              v.                                     )
                                                       )
16  COMCAST OF ALAMEDA, INC.; COMCAST OF              )
    CALIFORNIA II, INC.; COMCAST OF                   )
17  CALIFORNIA III, INC.; COMCAST OF                  )
    CALIFORNIA IX, INC.; COMCAST OF                   )
18  CALIFORNIA V, INC.; COMCAST OF                    )
    CALIFORNIA VI, INC.; COMCAST OF                   )
19  CALIFORNIA X, INC.; COMCAST OF                    )
    CALIFORNIA XIII, INC.; COMCAST                    )
20  CORPORATION; COMCAST OF FRESNO, INC.;             )
    COMCAST OF MARIN I, INC.; COMCAST OF              )
21  MARIN II, INC.; COMCAST OF NORTHERN               )
    CALIFORNIA I, INC.; COMCAST OF NORTHERN           )
22  CALIFORNIA II, INC.; COMCAST OF                   )
    SACRAMENTO I, LLC; COMCAST OF                     )
23  SACRAMENTO II, LLC; COMCAST OF SAN                )
    LEANDRO, INC.; COMCAST OF SIERRA                  )
24  VALLEYS, INC.; and DOES 1-250                     )
                                                       )
25                                     Defendants.     )
    _____)

26

27

28

**Hart v. Comcast of Alameda, Inc., et al.**
**Alameda Superior Case No. RG 07-355993**
**SERVICE LIST**

| | |
|---|---|
| Chief Executive Officer<br>Comcast of Alameda, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 | Chief Executive Officer<br>Comcast of California II, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 |
| Chief Executive Officer<br>Comcast of California III, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 | Chief Executive Officer<br>Comcast of California IX, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 |
| Chief Executive Officer<br>Comcast of California V, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 | Chief Executive Officer<br>Comcast of California VI, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 |
| Chief Executive Officer<br>Comcast of California X, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 | Chief Executive Officer<br>Comcast of California XIII, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 |
| Brian L. Roberts<br>Chief Executive Officer<br>Comcast Corporation<br>1500 Market Street<br>Philadelphia, PA 19102 | Chief Executive Officer<br>Comcast of Fresno, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 |
| Chief Executive Officer<br>Comcast of Marin I, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 | Chief Executive Officer<br>Comcast of Marin II, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 |
| Chief Executive Officer<br>Comcast of Northern California I, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 | Chief Executive Officer<br>Comcast of Northern California II, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 |
| Principal<br>Comcast of Sacramento I, LLC<br>1500 Market Street<br>Philadelphia, PA 19102 | Principal<br>Comcast of Sacramento II, LLC<br>1500 Market Street<br>Philadelphia, PA 19102 |
| Chief Executive Officer<br>Comcast of San Leandro, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 | Chief Executive Officer<br>Comcast of Sierra Valleys, Inc.<br>1500 Market Street<br>Philadelphia, PA 19102 |

# LEXINGTON LAW GROUP, LLP
### 1627 IRVING STREET
### SAN FRANCISCO, CALIFORNIA 94122

Tel.: (415) 759-4111

Fax: (415) 759-4112

November 13, 2007

RECEIVED

NOV 19 2007

LEGAL DIVISION

*Via Certified Mail, Return Receipt Requested*

Chief Executive Officer
Comcast of Northern California I, Inc.
1500 Market Street
Philadelphia, PA 19102

Re:     *Consumers Legal Remedies Act Notice and Demand*

Dear Sir or Madam:

We represent Jon Hart, on whose behalf we are sending this letter pursuant to California Civil Code §1782 in order to notify Comcast of Northern California I, Inc. ("Comcast") of the nature of his claim, and to demand curative action. Mr. Hart intends to pursue violations of California Civil Code §1770 (the Consumers Legal Remedies Act or "CLRA") against Comcast on behalf of himself and all other similarly situated consumers.

Specifically, Mr. Hart hereby notifies Comcast that Comcast has engaged in ongoing deceptive, unfair and unlawful conduct in connection with its high speed internet service. Comcast promises its customers and prospective customers internet access at "lightning fast" speed and that they will have "unfettered access to all the internet has to offer." Despite these promises, Comcast intentionally and severely limits the speed of certain internet applications such as peer-to-peer file sharing and lotus notes (the "Blocked Applications") used by Comcast's high speed internet service purchasers. Comcast's unauthorized interference with its customers' computers results in such customers' loss of use of their computers and high speed internet service.

The above acts and practices constitute violations of the following provisions of California Civil Code §1770, *inter alia*:

a.      In violation of Section 1770(a)(5) of the CLRA, Comcast's acts and practices constitute representations that the Comcast's high speed internet service has characteristics, uses and/or benefits which it does not;

b.      In violation of Section 1770(a)(7) of the CLRA, Comcast's acts and practices constitute representations that Comcast's high speed internet service is of a

CEO, Comcast of Northern California I, Inc.                    Page 2
November 13, 2007

particular quality which it is not; and

       c.      In violation of Section 1770(a)(9) of the Act, Comcast's acts and practices constitute the advertisement of Comcast's high speed internet service in question without the intent to sell them as advertised.

      Pursuant to California Civil Code §1782, on behalf of himself and all similarly situated consumers, Mr. Hart hereby demands that Comcast correct and rectify its violations of California Civil Code §1770. Specifically, Mr. Hart demands that Comcast immediately undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

1.    Immediately identify or make a reasonable attempt to identify all persons in California who have purchased high speed internet service from Comcast since November 13, 2004 who have used or attempted to use any of the Blocked Applications;

2.    Immediately notify all such identified purchasers that upon their request Comcast shall make appropriate remedy for its wrongful actions, including payment for all damages, interests, and costs to all affected purchasers of Comcast's high speed internet service;

3.    Immediately fulfill any requests received pursuant to number 2 above, including the payment of damages to all identified purchasers;

4.    Immediately engage in a corrective advertising campaign to inform consumers in California that despite's Comcast's promises to provide unfettered high speed internet service to its customers, Comcast engaged in a practice of impeding its customers' access to the blocked applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications; and

5.    Immediately cease and refrain from its practice of impeding its customers' access to the blocked applications by transmitting unauthorized hidden messages to the computers of customers who utilize such applications.

      If any of these items cannot be performed immediately, please state why it cannot be done immediately and promise to undertake such action within a reasonable time.

CEO, Comcast of Northern California I, Inc.                                    Page 3
November 13, 2007

     Mr. Hart intends to seek actual damages, punitive damages, and any other damages permitted under the Act if you do not provide a full and adequate response to this letter showing compliance with California Civil Code §1782(c) within 30 days.

     Should you have any questions regarding this matter, please have your attorney contact me.

Yours very truly,

Mark N. Todzo

1    MICHAEL J. STORTZ (State Bar No. 139386)
     BETH O. ARNESE (State Bar No. 241186)
2    DRINKER BIDDLE & REATH LLP
     50 Fremont Street, 20th Floor
3    San Francisco, California 94105-2235
     Telephone: (415) 591-7500
4    Facsimile: (415) 591-7510

5    Attorneys for Defendants
     COMCAST OF ALAMEDA, INC.; COMCAST OF
6    CALIFORNIA II, INC.; COMCAST OF CALIFORNIA III,
     INC.; COMCAST OF CALIFORNIA IX, INC.; COMCAST
7    OF CALIFORNIA V, INC.; COMCAST OF CALIFORNIA
     VI, INC.; COMCAST OF CALIFORNIA X, INC.;
8    COMCAST OF CALIFORNIA XIII, INC.; COMCAST
     CORPORATION; COMCAST OF FRESNO, INC.;
9    COMCAST OF MARIN I, INC.; COMCAST OF MARIN
     II, INC.; COMCAST OF NORTHERN CALIFORNIA I, INC.;
10   COMCAST OF NORTHERN CALIFORNIA II, INC.;
     COMCAST OF SACRAMENTO I, LLC; COMCAST OF
11   SACRAMENTO II, LLC; COMCAST OF SAN LEANDRO,
     INC.; COMCAST OF SIERRA VALLEYS, INC.

12

13                SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                        FOR THE COUNTY OF ALAMEDA

15   JON HART, On Behalf of Himself and All          Case No. RG07355993
     Others Similarly Situated, and On Behalf of the
16   General Public,

17                          Plaintiff,               **DEFENDANTS' ANSWER AND
                                                     AFFIRMATIVE DEFENSES TO
18         v.                                        PLAINTIFF'S COMPLAINT**

19   COMCAST OF ALAMEDA, INC.;
     COMCAST OF CALIFORNIA II, INC.;
20   COMCAST OF CALIFORNIA III, INC.;
     COMCAST OF CALIFORNIA IX INC.;
21   COMCAST OF CALIFORNIA V INC.;             Complaint Filed: November 13, 2007
     COMCAST OF CALIFORNIA VI INC.;
22   COMCAST OF CALIFORNIA X INC.;
     COMCAST OF CALIFORNIA XIII INC.;
23   COMCAST CORPORATION; COMCAST OF
     FRESNO, INC.; COMCAST OF MARIN I,
24   INC.; COMCAST OF MARIN II, INC.;
     COMCAST OF NORTHERN CALIFORNIA I,
25   INC.; COMCAST OF NORTHERN
     CALIFORNIA II, INC.; COMCAST OF
26   SACRAMENTO I, LLC; COMCAST OF
     SACRAMENTO II, LLC; COMCAST OF SAN
27   LEANDRO, INC.; COMCAST OF SIERRA
     VALLEYS, INC.; and DOES 1-250,

28                          Defendants.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1    Defendants Comcast of Alameda, Inc., Comcast of California II, Inc., Comcast of

2  California III, Inc., Comcast of California IX, Inc., Comcast of California V, Inc., Comcast of

3  California VI, Inc., Comcast of California X, Inc., Comcast of California XIII, Inc., Comcast

4  Corporation, Comcast of Fresno, Inc., Comcast of Marin I, Inc., Comcast of Marin II, Inc.,

5  Comcast of Northern California I, Inc., Comcast of Northern California II, Inc., Comcast of

6  Sacramento I, LLC, Comcast of Sacramento II, LLC, Comcast of San Leandro, Inc., and

7  Comcast of Sierra Valleys, Inc. (collectively, "Comcast"), for themselves and themselves alone,

8  hereby answer and respond to Plaintiff's Complaint ("Complaint") as follows:

9                                **GENERAL DENIAL**

10    Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Comcast

11  generally denies each and every allegation in the Complaint, and each purported cause of action

12  therein, including, without limitation, that Plaintiff is entitled to any of the relief requested, that

13  Comcast is liable for any alleged wrongful conduct or omission, and that any alleged conduct or

14  omissions of Comcast, or any of its officers, directors, employees or agents, caused any alleged

15  injury or damage to Plaintiff in the manner or amount alleged, or at all.

16                            **AFFIRMATIVE DEFENSES**

17    Based on knowledge and information available to Comcast to date, Comcast is informed

18  and believes and therefore sets forth the following affirmative defenses to Plaintiff's Complaint.

19  By stating the matters set forth herein, Comcast does not allege or admit that it has the burden of

20  proof and/or persuasion with respect to any of these matters, and does not assume the burden of

21  proof or persuasion with respect to any matter as to which Plaintiff has the burden of proof or

22  persuasion.

23                        **FIRST AFFIRMATIVE DEFENSE**

24                            **(Failure to State a Claim)**

25    The Complaint, and each cause of action and allegation therein, fails to state facts

26  sufficient to constitute a cause of action upon which relief can be granted.

27  ///

28  ///

## SECOND AFFIRMATIVE DEFENSE

### (Federal Preemption)

Under the preemption doctrines, including, but not limited to the doctrines of complete preemption, implied preemption, express preemption, field preemption and/or conflict preemption, Plaintiff fails to state facts sufficient to constitute a cause of action created by or recognized under any California statute, regulation or common law, because state law causes of action as alleged in the Complaint have been preempted in their entirety by federal law and regulations promulgated thereunder, including, but not limited to, the Federal Communications Act and orders and regulations of the Federal Communications Commission ("FCC").

## THIRD AFFIRMATIVE DEFENSE

### (Justifiable Actions)

Any conduct undertaken by Comcast concerning or relating to Plaintiff was in all respects fair, justified, or privileged and was done without malice, unlawful means or intent to injure Plaintiff or any other individual or entity.

## FOURTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

Comcast alleges that Plaintiff has not suffered any injury or damage, and denies that it is liable to Plaintiff for any injury or damage claimed or for any injury or damage whatsoever.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert any or all of the causes of action alleged in the Complaint and lacks standing to recover individually and/or on behalf of the general public and/or the putative class.

## SIXTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory negligence because Plaintiff's own conduct caused and/or contributed to his alleged injuries.

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

1

## SEVENTH AFFIRMATIVE DEFENSE

2

### (Comparative Fault)

3

Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative fault

4

because Plaintiff's own conduct caused and/or contributed to his alleged injuries.

5

## EIGHTH AFFIRMATIVE DEFENSE

6

### (Assumption of the Risk)

7

Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk

8

because Plaintiff's own conduct caused and/or contributed to his alleged injuries.

9

## NINTH AFFIRMATIVE DEFENSE

10

### (Intervening Acts of Others/Superseding Causes or Circumstances)

11

To the extent Plaintiff has suffered any injury or damage, which Comcast denies, such

12

injury or damage was caused by persons and entities other than Comcast or by superseding

13

causes or circumstances.  Such intervening and superseding conduct of others and causes or

14

circumstances bars and/or diminishes recovery, if any, by Plaintiff or any member of the general

15

public or any class against Comcast.

16

## TENTH AFFIRMATIVE DEFENSE

17

### (No Reliance)

18

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not rely on the

19

statements or omissions of which Plaintiff now complains.

20

## ELEVENTH AFFIRMATIVE DEFENSE

21

### (Ratification/Benefits Realized)

22

Plaintiff has enjoyed the benefits of the products that are the subject of the Complaint,

23

and is thereby barred, in whole or in part, from pursuing one or more of the claims for relief set

24

forth in the Complaint.

25

## TWELFTH AFFIRMATIVE DEFENSE

26

### (Equitable Doctrines)

27

Plaintiff's claims are barred, in whole or in part, by equitable doctrines including, but not

28

limited to, the doctrines of waiver, estoppel, equitable estoppel, laches and failure to read.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

4

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2

#### (Voluntary Payment Doctrine)

3    Plaintiff is barred from recovering, in whole or in part, based on the voluntary payment

4    doctrine.

5

### FOURTEENTH AFFIRMATIVE DEFENSE

6

#### (Unclean Hands)

7    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

8

### FIFTEENTH AFFIRMATIVE DEFENSE

9

#### (Acquiescence)

10    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of

11    acquiescence.

12

### SIXTEENTH AFFIRMATIVE DEFENSE

13

#### (Ratification/Consent)

14    Plaintiff's claims are barred, in whole or in part, because Plaintiff approved all the acts

15    and omissions about which he now complains.  In addition to other manifestations of consent,

16    Plaintiff agreed to be bound by the terms and conditions and/or limitations on liability of

17    Comcast's Agreement for Residential Services and Acceptable Use Policy when Plaintiff used

18    the services provided by Comcast.

19

### SEVENTEENTH AFFIRMATIVE DEFENSE

20

#### (Wrongful Acts of Plaintiff)

21    Based on the allegations of Plaintiff's Complaint, it appears that Plaintiff intentionally or

22    recklessly disregarded his own interests, through action or inaction, and/or violated the terms of

23    Comcast's Agreement for Residential Services and Acceptable Use Policy and/or otherwise

24    committed wrongdoing, and that such acts and/or omissions were the proximate cause of all or

25    some of Plaintiff's injuries, if any.  By reason of the foregoing, Plaintiff is barred, in whole or in

26    part, from recovering any amounts in this proceeding.

27    ///

28    ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

5

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

### (Subject Matter Jurisdiction)

3

The Court lacks jurisdiction over some or all of the claims in Plaintiff's Complaint.

4

## NINETEENTH AFFIRMATIVE DEFENSE

5

### (Plaintiff's Claims Unconstitutional)

6

Plaintiff's claims are barred, in whole or in part, because they are in contravention of

7

Comcast's rights under applicable clauses of the United States and California Constitutions,

8

including without limitation, including, but not limited to the fact that: (a) Plaintiff's claims

9

constitute an impermissible burden on interstate commerce in violation of Article I, Section 8 of

10

the United States Constitution; (b) said claims violate the Excessive Fines Clause of the Eighth

11

Amendment to the United States Constitution; (c) said claims violate Comcast's right to Due

12

Process under the Fourteenth Amendment to the United States Constitution and under the

13

California Constitution; (d) said claims contravene the constitutional prohibition against vague

14

and overbroad laws; (e) said claims reflect an unlawful delegation of prosecutorial power to

15

private parties in violation of Article II of the United States Constitution, the separation of

16

powers doctrine, and the provisions of Article V of the California Constitution; and (f) an award

17

on said claims would work an unlawful taking of property in violation of the Fifth and

18

Fourteenth Amendments of the United States Constitution and Article I, Section 19 of the

19

California Constitution.

20

## TWENTIETH AFFIRMATIVE DEFENSE

21

### (Restitution Unconstitutional)

22

Any award of restitution under Cal. Bus. & Prof. Code § 17203: (a) would violate the

23

Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause

24

of the Fourteenth Amendment) to the United States Constitution and of Article I, Section 17 of

25

the California Constitution; (b) would violate the Due Process Clause of the Fourteenth

26

Amendment to the United States Constitution, and of Article I, section 7 of the California

27

Constitution, because the standards of liability under these statutes are unduly vague and

28

subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no

1  legitimate governmental interest; and, (c) would constitute a taking of property without just

2  compensation in violation of the Takings Clauses of the Fifth Amendment of the United States

3  Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the

4  United States Constitution), and of Article I, Section 19 of the California Constitution.

5  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

6  **(Constitutional Defects with Punitive Damages)**

7  Any award of punitive damages in this case (a) would violate the Due Process Clauses of

8  the Fifth and Fourteenth Amendments to the United States Constitution, and of Article I, section

9  7 of the California Constitution, and would constitute excessive fines under the Excessive Fines

10  Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth

11  Amendment) to the United States Constitution; (b) would violate the Fourth, Fifth and Sixth

12  Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the

13  United States Constitution; (c) would violate the Contracts Clauses of the United States and

14  California Constitutions.

15  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

16  **(Award of Damages to Those Who Will Not Acknowledge**
   **Full Settlement of Claims Unconstitutional)**
17

18  Any award of damages, restitution or disgorgement under the California Business &

19  Professions Code or the California Civil Code to Plaintiff and/or any putative class member who

20  refuses to execute an acknowledgment that the payment is in full settlement of claims against

    Comcast would violate the Due Process Clauses of the United States and California
21
    Constitutions and the Excessive Fines Clause of the California Constitution.
22

23  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

24  **(Constitutional Defect with Award to Those Not Damaged)**

    To the extent Plaintiff purports to seek relief on behalf of any person who has not
25

26  suffered any damages, the Complaint and each claim for relief therein violates the right of

27  Comcast to due process under the California and United States Constitutions.

28  ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Proper Parties)

Plaintiff's claims are barred, in whole or in part, to the extent that they are asserted against Defendants that are not proper parties to this action. Defendants reserve the right to seek dismissal of such parties at a later stage in this proceeding.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Right to Arbitration)

To the extent Plaintiff and/or putative class members are parties to valid agreements to arbitrate, their claims are not properly brought in this Court.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, including, but not limited to, Cal. Bus. & Prof. Code § 17208, Cal. Code of Civil Procedure §§ 337, 338 and 343 and Cal. Civil Code § 1783, and those set forth in Comcast's Residential Service Agreement.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Class Action Inappropriate)

Plaintiff's claims are barred, in whole or in part, because this case is not appropriate for class action treatment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Not a Proper Representative)

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a proper representative to bring this action on behalf of the general public or any proposed class.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

Plaintiff is not entitled to equitable relief because Plaintiff has adequate remedies at law, and/or the equitable relief sought is neither necessary nor proper under applicable law.

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Restitution or Disgorgement)

To the extent Plaintiff suffered any injury or damage, which Comcast denies, Plaintiff is not entitled to restitution or disgorgement of profits under Bus. & Prof. Code Sections 17200, *et seq.*

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

To the extent Plaintiff seeks recovery of attorneys' fees, such fees are not recoverable.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Punitive Damages)

To the extent Plaintiff seeks recovery of punitive damages, such damages are not recoverable.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Uncertain/Unmanageable Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's requested monetary relief, if any, is too speculative and/or too remote and/or impossible to prove and/or allocate.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

To the extent Plaintiff suffered any injury or damages, which Comcast denies, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages or by of the doctrine of avoidable consequences.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Election of Remedies)

Plaintiff seeks mutually inconsistent remedies, thereby prejudicing Comcast.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Business Judgment/Lawful Practice)

The challenged conduct constitutes a reasonable exercise of business judgment which is not forbidden by law.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

9

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Requirements Under Residential Service Agreement)

Plaintiff's claims for damages are barred, in whole or in part, by the terms of Comcast's Residential Service Agreement.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Requirements Under Acceptable Use Policy)

Plaintiff's claims for damages are barred, in whole or in part, by the terms of Comcast's Acceptable Use Policy.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Plead With Certainty and Particularity)

The allegations of the Complaint, and each purported cause of action alleged in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet applicable pleading requirements.

## FORTIETH AFFIRMATIVE DEFENSE

### (Conduct Not Unfair)

Plaintiff's claims that Comcast violated the "unfair prong" of Cal. Bus. & Prof. Code Sections 17200, *et seq.* fail because the utility of Comcast's conduct outweighs any harm allegedly suffered by Plaintiff.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Reasonably Available Alternative)

Plaintiff's claims that Comcast violated the "unfair prong" of Cal. Bus. & Prof. Code Sections 17200, *et seq.* fail because Plaintiff had reasonably available alternative sources of supply from which to purchase non-offending products.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Consumer Confusion)

Plaintiff's claims that Comcast violated the "deceptive and fraudulent prong" of Cal. Bus. & Prof. Code Sections 17200, *et seq.* fail because Comcast's practices and advertisements were not likely to, and did not in fact, mislead Plaintiff and/or members of the general public or the

putative class.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Customer Satisfaction)

Plaintiff's claims that Comcast violated the "deceptive and fraudulent prong" of Cal. Bus. & Prof. Code Sections 17200, *et seq.* fail because Comcast's customers are satisfied with Comcast's products and services.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Procedural Defects -- Unlawful Acts)

Plaintiff's claims that Comcast violated the "unlawful acts" prong of Cal. Bus. & Prof. Code Sections 17200, *et seq.* fail because Comcast has not violated any law.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Indemnity)

Comcast is entitled to full or partial indemnity from such other parties as are found to have proximately caused the injuries alleged by Plaintiff, if any exist, which Comcast denies, from anyone who expressly or impliedly agreed to indemnify and hold harmless Comcast from damages or liabilities such as those claimed by Plaintiff.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Any award to Plaintiff in this action would constitute unjust enrichment.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiff's claims are barred, in whole or in part, by the doctrine of mootness.

///

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

11

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Exhaustion)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies.

## FIFTIETH AFFIRMATIVE DEFENSE

### (Governmental Compliance)

Plaintiff's claims are barred, in whole or in part, based on Comcast's compliance with governmental regulations and/or requirements.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (CLRA Procedural Defects)

Plaintiff's claims for alleged violations of the Consumer Legal Remedies Act ("CLRA") are barred, in whole or in part, based on Plaintiff's failure to satisfy the statute's procedural requirements.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Set Off and/or Recoupment)

To the extent that any of Plaintiff's claims have merit, which Comcast expressly denies, Plaintiff's recovery must be reduced or set off by any restitutionary or other monetary relief to which Comcast is entitled from Plaintiff and/or each putative class member. Comcast is entitled to offset and recoup against any judgment that may be entered for Plaintiff and/or each putative class member for all obligations owing by Plaintiff and/or each putative class member to Comcast, including but not limited to any unpaid account balances and/or any damages incurred in connection with any termination of contracts between Comcast and Plaintiff and/or any member of the putative class.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Comcast does not currently have sufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses or counterclaims available.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

12

1   Comcast expressly reserves its right to assert additional affirmative defenses or counterclaims

2   which come to light as the action progresses.  In particular, Comcast is informed and believes,

3   and on that basis alleges, that the putative class alleged in the Complaint would, if certified by

4   the Court, include class members who breached their agreements with Comcast and failed to pay

5   amounts due and owing to Comcast under the terms of their agreements. Comcast contends that

6   this matter is not properly certifiable as a class action.  In the event that the Court certifies a

7   class, however, Comcast reserves the right to assert counterclaims against such class members.

8                                        **PRAYER FOR RELIEF**

9               WHEREFORE, Comcast respectfully prays for judgment as follows:

10              1.       That Plaintiff's Complaint be dismissed with prejudice and judgment entered in

11   favor of Comcast;

12              2.       That Plaintiff, any member of the putative class and/or the general public take

13   nothing by the Complaint;

14              3.       That Comcast be awarded its reasonable attorneys' fees and costs of this action;

15   and;

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

4.    That Comcast be awarded such other and further relief as the Court deems just and proper.

Dated: December 14, 2007

DRINKER BIDDLE & REATH LLP

_MICHAEL J. STORTZ_

Attorney for Defendants
COMCAST OF ALAMEDA, INC.;
COMCAST OF CALIFORNIA II, INC.;
COMCAST OF CALIFORNIA III, INC.;
COMCAST OF CALIFORNIA IX INC.;
COMCAST OF CALIFORNIA V INC.;
COMCAST OF CALIFORNIA VI INC.;
COMCAST OF CALIFORNIA X INC.;
COMCAST OF CALIFORNIA XIII INC.;
COMCAST CORPORATION; COMCAST
OF FRESNO, INC.; COMCAST OF MARIN
I, INC.; COMCAST OF MARIN II, INC.;
COMCAST OF NORTHERN CALIFORNIA
I, INC.; COMCAST OF NORTHERN
CALIFORNIA II, INC.; COMCAST OF
SACRAMENTO I, LLC; COMCAST OF
SACRAMENTO II, LLC; COMCAST OF
SAN LEANDRO, INC.; COMCAST OF
SIERRA VALLEYS, INC.

Of Counsel

Seamus C. Duffy
Michael W. McTigue Jr.
Michael P. Daly
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**CERTIFICATE OF SERVICE**

I, CAMELIA SANCHEZ , declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On December 14, 2007, I caused to be served the following document(s):

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☐  BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐  BY PERSONAL SERVICE: I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☒  BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐  BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Mark N. Todzo, Esq.
Eric S. Somers, Esq.
LEXINGTON LAW GROUP, LLP
1627 Irving Street
San Francisco, CA 94122
Telephone: (415) 759-4111
Facsimile: (415) 759-4112

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 14, 2007 at San Francisco, California.

CAMELIA SANCHEZ

1    MICHAEL J. STORTZ (State Bar No. 139386)
     BETH O. ARNESE (State Bar No. 241186)
2    DRINKER BIDDLE & REATH LLP
     50 Fremont Street, 20th Floor
3    San Francisco, California 94105-2235
     Telephone: (415) 591-7500
4    Facsimile: (415) 591-7510

5    Attorneys for Defendant
6    COMCAST OF ALAMEDA, INC.; COMCAST OF
     CALIFORNIA II, INC.; COMCAST OF CALIFORNIA
7    III, INC.; COMCAST OF CALIFORNIA IX, INC.;
     COMCAST OF CALIFORNIA V, INC.; COMCAST OF
8    CALIFORNIA VI, INC.; COMCAST OF CALIFORNIA
     X, INC.; COMCAST OF CALIFORNIA XIII, INC.;
9    COMCAST CORPORATION; COMCAST OF FRESNO,
     INC.; COMCAST OF MARIN I, INC.; COMCAST OF
10   MARIN II, INC.; COMCAST OF NORTHERN
     CALIFORNIA I, INC.; COMCAST OF NORTHERN
11   CALIFORNIA II, INC.; COMCAST OF
     SACRAMENTO I, LLC; COMCAST OF
12   SACRAMENTO II, LLC; COMCAST OF SAN
     LEANDRO, INC.; COMCAST OF SIERRA VALLEYS,
13   INC.

14           SUPERIOR COURT OF THE STATE OF CALIFORNIA

15             FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JON HART, On Behalf of Himself and All Others Similarly Situated, and On Behalf of the General Public, | Case No. RG07355993 |
| | **CERTIFICATE OF SERVICE** |
|          Plaintiff, | |
|     v. | |
| COMCAST OF ALAMEDA, INC.; COMCAST OF CALIFORNIA II, INC.; COMCAST OF CALIFORNIA III, INC.; COMCAST OF CALIFORNIA IX INC.; COMCAST OF CALIFORNIA V INC.; COMCAST OF CALIFORNIA VI INC.; COMCAST OF CALIFORNIA X INC.; COMCAST OF CALIFORNIA XIII INC.; COMCAST CORPORATION; COMCAST OF FRESNO, INC.; COMCAST OF MARIN I, INC.; COMCAST OF MARIN II, INC.; COMCAST OF NORTHERN CALIFORNIA I, INC.; COMCAST OF NORTHERN CALIFORNIA II, INC.; COMCAST OF SACRAMENTO I, LLC; COMCAST OF SACRAMENTO II, LLC; COMCAST OF SAN LEANDRO, INC.; COMCAST OF SIERRA VALLEYS, INC.; and DOES 1-250, | |

DOROTHY L. LEE
ALAMEDA COUNTY

2007 DEC 14  PM 1: 20

CLERK OF THE SUPERIOR COURT
BY_____
             DEPUTY

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\393116\1

**CERTIFICATE OF SERVICE**

I, CAMELIA SANCHEZ , declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On December 14, 2007, I caused to be served the following document(s):

**NOTICE OF FILING / NOTICE OF REMOVAL**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☐ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☑ BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐ BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Mark N. Todzo, Esq.
Eric S. Somers, Esq.
LEXINGTON LAW GROUP, LLP
1627 Irving Street
San Francisco, CA 94122
Telephone: (415) 759-4111
Facsimile: (415) 759-4112

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 14, 2007 at San Francisco, California.

CAMELIA SANCHEZ