MICHAEL J. STORTZ (State Bar No. 139386)
BETH O. ARNESE (State Bar No. 241186)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
COMCAST OF ALAMEDA, INC.; COMCAST OF CALIFORNIA II, INC.; COMCAST OF CALIFORNIA III, INC.; COMCAST OF CALIFORNIA IX, INC.; COMCAST OF CALIFORNIA V, INC.; COMCAST OF CALIFORNIA VI, INC.; COMCAST OF CALIFORNIA X, INC.; COMCAST OF CALIFORNIA XIII, INC.; COMCAST CORPORATION; COMCAST OF FRESNO, INC.; COMCAST OF MARIN I, INC.; COMCAST OF MARIN II, INC.; COMCAST OF NORTHERN CALIFORNIA I, INC.; COMCAST OF NORTHERN CALIFORNIA II, INC.; COMCAST OF SACRAMENTO I, LLC; COMCAST OF SACRAMENTO II, LLC; COMCAST OF SAN LEANDRO, INC.; COMCAST OF SIERRA VALLEYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HART, On Behalf of Himself and All Others Similarly Situated, and On Behalf of the General Public,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST OF ALAMEDA, INC., *et al.*,<br><br>Defendants. | Case No. C 07-6350 PJH<br><br>**RESPONSE TO THE COURT'S STANDING ORDER REGARDING REMOVED CASES** |

Defendants,[1] by and through undersigned counsel, state as follows in accordance with the Court's Standing Order Regarding Removed Cases.

---

[1] Comcast of Alameda, Inc., Comcast of California II, Inc., Comcast of California III, Inc., Comcast of California IX, Inc., Comcast of California V, Inc., Comcast of California VI, Inc., Comcast of California X, Inc., Comcast of California XIII, Inc., Comcast Corporation, Comcast of Fresno, Inc., Comcast of Marin I, Inc., Comcast of Marin II, Inc., Comcast of Northern California I, Inc., Comcast of Northern California II, Inc., Comcast of Sacramento I, LLC, Comcast of Sacramento II, LLC, Comcast of San Leandro, Inc., and Comcast of Sierra Valleys, Inc. (collectively, "Comcast").

As an initial matter, Comcast removed this action under the Court's federal question jurisdiction, as well as diversity jurisdiction pursuant to the of the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (2005). CAFA changed the requirements for traditional diversity jurisdiction and altered traditional removal practice in a number of significant ways, including but not limited to the following:

A. CAFA eliminated the traditional requirement that all defendants consent to removal. *See* 28 U.S.C. § 1453(b) ("A class action . . . may be removed by any defendant without the consent of all defendants.").

B. CAFA expanded traditional diversity jurisdiction to include putative class actions in which there is minimal diversity, thereby eliminating the traditional requirement of complete diversity. *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."). In CAFA cases, the citizenship of the putative class is determined "as of the date of the filing of the complaint," 28 U.S.C. § 1332(d)(7), and is based on the citizenship of all of the putative class members, i.e., "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

C. CAFA eliminated the traditional prohibition of removal when a defendant is a citizen of the state in which the action was filed. See 28 U.S.C. § 1453(b) (permitting removal "without regard to whether any defendant is a citizen of the State in which the action is brought.").

D. CAFA provides that the citizenship of unincorporated associations such as limited liability companies and partnerships is determined as if they were corporations, making traditional inquiries into the citizenship of their members or partners unnecessary. *See* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and Section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").

Accordingly, much of the information requested by the Court's Standing Order Regarding Removed Cases does not appear to be applicable to actions that are removed at least

in part pursuant to CAFA. Nevertheless, Comcast states as follows:

1. All Defendants served at the time of removal joined in and therefore consented to the notice of removal.

2. The notice of removal was not dated more than thirty (30) days after the first defendant was served. No Defendant was served with the Complaint before November 15, 2007. The notice of removal was filed on December 14, 2007, twenty-nine (29) calendar days later.

3. The following Defendants are citizens of California: Comcast of Alameda, Inc., Comcast of California II, Inc., Comcast of California III, Inc., Comcast of California IX, Inc., Comcast of California V, Inc., Comcast of California VI, Inc., Comcast of California X, Inc., Comcast of California XIII, Inc., Comcast of Fresno, Inc., Comcast of Marin I, Inc., Comcast of Marin II, Inc., Comcast of Northern California I, Inc., Comcast of Northern California II, Inc., Comcast of Sacramento I, LLC, Comcast of Sacramento II, LLC, Comcast of San Leandro, Inc., and Comcast of Sierra Valleys, Inc. For purposes of CAFA jurisdiction, the citizenship of the members of the unincorporated Defendants (i.e., Comcast of Sacramento I, LLC and Comcast of Sacramento II, LLC) is not relevant. *See supra*; *see also* 28 U.S.C. § 1332(d)(10).

4. The named Plaintiff contends he is a citizen of California. *See* Pl.'s Compl. ¶ 5 ("Plaintiff John Hart is a citizen of the State of California."). The putative class includes citizens of California such as the Plaintiff and citizens of other states who are temporarily located "in," but are not domiciled in, California. *See id.* ¶ 30 (defining putative class as "all persons in California who purchased the Service between November 13, 2003 and the present and used or attempted to use peer-to-peer or online file sharing applications and/or lotus notes."); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

Defendant Comcast Corporation is a citizen of Delaware and Pennsylvania because it is a Delaware corporation with its principal place of business in Pennsylvania. *See* 28 U.S.C. § 1332(c)(1). The Defendants that are California citizens are listed above. *See supra* ¶ 3.

///
///
///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3
RESPONSE TO COURT'S STANDING ORDER REGARDING REMOVED ACTIONS

Minimal diversity therefore exists in this action because the putative class includes citizens of states other than California and, alternatively, because at least one Defendant is not a citizen of California.

Dated: December 26, 2007

DRINKER BIDDLE & REATH LLP

/S/
Michael J. Stortz (Bar No. 139386)
Beth O'Neal Arnese (Bar No. 241186)

Attorneys for Defendants
COMCAST OF ALAMEDA, INC.;
COMCAST OF CALIFORNIA II, INC.;
COMCAST OF CALIFORNIA III, INC.;
COMCAST OF CALIFORNIA IX, INC.;
COMCAST OF CALIFORNIA V, INC.;
COMCAST OF CALIFORNIA VI, INC.;
COMCAST OF CALIFORNIA X, INC.;
COMCAST OF CALIFORNIA XIII, INC.;
COMCAST CORPORATION; COMCAST OF FRESNO, INC.; COMCAST OF MARIN I, INC.; COMCAST OF MARIN II, INC.; COMCAST OF NORTHERN CALIFORNIA I, INC.; COMCAST OF NORTHERN CALIFORNIA II, INC.; COMCAST OF SACRAMENTO I, LLC; COMCAST OF SACRAMENTO II, LLC; COMCAST OF SAN LEANDRO, INC.; COMCAST OF SIERRA VALLEYS, INC.

Of Counsel

Seamus C. Duffy
Michael W. McTigue Jr.
Michael P. Daly
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

*Counsel for Defendants*

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105