1  MICHAEL J. STORTZ (State Bar No. 139386)
   BETH O. ARNESE (State Bar No. 241186)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105-2235
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510

5  Attorneys for Defendants
   COMCAST OF ALAMEDA, INC. ET AL.

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

| | |
|---|---|
| JON HART, On Behalf of Himself and All Others Similarly Situated, and On Behalf of the General Public, | Case No. C-07-06350 PJH |
| Plaintiff, | **JOINT ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES** |
| v. | |
| COMCAST OF ALAMEDA, INC.; COMCAST OF CALIFORNIA II, INC.; COMCAST OF CALIFORNIA III, INC.; COMCAST OF CALIFORNIA IX INC.; COMCAST OF CALIFORNIA V INC.; COMCAST OF CALIFORNIA VI INC.; COMCAST OF CALIFORNIA X INC.; COMCAST OF CALIFORNIA XIII INC.; COMCAST CORPORATION; COMCAST OF FRESNO, INC.; COMCAST OF MARIN I, INC.; COMCAST OF MARIN II, INC.; COMCAST OF NORTHERN CALIFORNIA I, INC.; COMCAST OF NORTHERN CALIFORNIA II, INC.; COMCAST OF SACRAMENTO I, LLC; COMCAST OF SACRAMENTO II, LLC; COMCAST OF SAN LEANDRO, INC.; COMCAST OF SIERRA VALLEYS, INC.; and DOES 1-250, | |
| Defendants. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.    **INTRODUCTION**

Pursuant to Civil Local Rules 16-2(d) and 7-11, the parties file this joint administrative motion seeking modification of the original Order Setting Case Management Conference ("Case Management Order") in this action dated December 14, 2007. The parties seek an extension of the initial Case Management Conference from March 20, 2008 to April 17, 2008, in order to accommodate the schedule of counsel.

In addition, the parties jointly propose a revised Case Management Schedule. The purpose of these revisions to the Case Management Schedule would be two-fold: (1) to allow for a decision, prior to initial disclosures or non-jurisdictional discovery, of defendants' Motion for Judgment on the Pleadings; and (2) to permit determination at the outset of any challenge to the Court's jurisdiction over the subject matter of this action that plaintiff might bring.

II.    **BACKGROUND**

Plaintiff John Hart ("Plaintiff") filed this putative class action in November, 2007, in Alameda Superior Court. Plaintiff alleges that defendants (collectively "Comcast") violated California law by allegedly advertising, offering and contracting to provide their California customers of high speed internet with unrestricted access to the internet, yet then restricting such customers' access to certain internet applications. Plaintiff alleges that by misrepresenting the accessibility of the internet, Comcast has: (1) breached its agreements with the putative class; (2) breached the covenant of good faith and fair dealing; (3) violated the false advertising provisions of the California Legal Remedies Act ("CLRA"); (4) violated the California False Advertising Law, Business & Professions Code §17500, *et seq.*; and (5) violated the California Unfair Competition Law ("UCL"), Business and Professions Code §17200, *et seq.* A portion of Plaintiff's Sixth Cause of Action for violation of the "unlawful" prong of the UCL alleges that Comcast's conduct to restrict access by members of the putative class to peer-to-peer file sharing applications on Comcast's network violates both state and federal law.

Comcast contends that the allegations of the Complaint track then-recent filings at

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\3966593

1  the Federal Communications Commission ("FCC" or "Commission") seeking agency

2  action to restrict or to dictate the use of particular network management practices. *See In*

3  *re Free Press, et al., Petition for Declaratory Ruling*, WC Docket No. 07-72 (Nov. 1,

4  2007); *In re Vuze, Inc., Pet. To Establish Rules Governing Network Management*

5  *Practices by Broadband Network Operators, Broadband Indus. Practices, Petition for*

6  *Rulemaking*, WC Docket No. 07-52 (Nov. 14, 2007).   Subsequent to these filings, the

7  Commission has issued two Public Notices seeking comment on these Petitions. *FCC*

8  *Public Notice, Comment on Sought on Petition for Declaratory Ruling Regarding*

9  *Internet Management Policies,* WC Docket No. 07-52 (Jan. 14, 2008); *FCC Public*

10  *Notice, Comment Sought on Petition for Rulemaking to Establish Rules Governing*

11  *Network Management Practices by Broadband Network Operators,* WC Docket No. 07-

12  52 (Jan. 14, 2008).  In addition, on February 25, 2008, the FCC convened a public *en*

13  *banc* hearing regarding broadband network management practices.

14          This action was removed to federal court on December 14, 2007.  Upon removal,

15  the Court issued the Case Management Order.  That Order set an initial Case

16  Management Conference on March 20, 2008, with related deadlines for meet and confer

17  regarding initial disclosures, ADR options, and for filing a Rule 26(f) Report and Joint

18  Case Management Statement.

19          Since that time, the parties have discussed options for initial management of this

20  action.  Defendants advised plaintiff that defendants intended to move for judgment on

21  the pleadings under Federal Rule of Civil Procedure 12(c) on or before March 14, 2008.

22  The grounds for the Motion include: (1) Plaintiff's claims are preempted by federal law;

23  (2) Plaintiff's claims are within the FCC's primary jurisdiction; and (3) Plaintiff's claims

24  fail as a matter of California law.

25          As a matter of case management, defendants contend that initial disclosures and

26  any discovery should be deferred until after a decision on defendants' Motion for

27  Judgment on the Pleadings.  Defendants believe that under Federal Rule of Civil

28  Procedure 12(c), discovery for purpose of opposing their Motion for Judgment on the

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\3966593    JOINT ADMINISTRATIVE MOTION TO CONTINUE CASE MGT. CONFERENCE          CASE NO. C-07-06350 PJH

1   Pleadings would not be necessary or appropriate, and that initial disclosures and

2   discovery are properly deferred until after a decision on defendants' Motion for

3   Judgment on the Pleadings. Defendants respectfully submit that after deciding

4   defendants' Motion, the Court as appropriate may set a further Case Management

5   Conference for consideration, if needed, of a plan for managing this case through initial

6   discovery and any motion for class certification.

7   Plaintiff suspects that this action fits within the Local Controversy and/or Home

8   State exceptions under the Class Action Fairness Act such that remand is appropriate, but

9   needs certain discovery to make this determination. Accordingly, Plaintiff wishes to

10  conduct discovery for the specific purpose of determining whether this Court has

11  jurisdiction of this action. Plaintiff contends that this discovery should occur at the

12  outset, and has proposed specific written jurisdictional discovery. Plaintiff proposes that

13  this discovery and any Motion to Remand be resolved at the outset of this action. In

14  addition, Plaintiff may wish to seek discovery pursuant to Federal Rule of Civil

15  Procedure 12(c) for the purpose of opposing defendants' Motion for Judgment on the

16  Pleadings.

17  Defendants dispute that discovery regarding jurisdictional issues is appropriate at

18  this stage of the action, and also maintain that the discovery proposed by Plaintiff goes

19  far beyond issues regarding jurisdiction. The parties continue to meet and confer

20  regarding the issue of jurisdictional discovery.

21  In addition, defendants have advised plaintiff of a scheduling conflict that has

22  arisen for defense counsel as to the date of March 20, 2008, the current date on which the

23  initial Case Management Conference is set. Plaintiff has agreed as a courtesy to continue

24  that date to April 17, 2008.

25  To accommodate these different positions, and as a matter of efficient case

26  management, the parties have agreed – and respectfully propose – that the appropriate

27  threshold issues in this case are: (1) resolution of defendants' Motion for Judgment on the

28  Pleadings; and (2) resolution of plaintiff's Motion to Remand, if any. As for initial

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

1  disclosures and non-jurisdictional discovery, if defendants' Motion for Judgment on the

2  Pleadings is granted, then initial disclosures or discovery would be unnecessary.

3  Similarly, any motion for remand should be determined before the Court embarks on a

4  discovery and case management plan.  While the parties disagree as to the propriety of

5  any jurisdictional discovery, they continue to meet and confer on that topic.

6  **III.    RELIEF REQUESTED**

7          In recognition of the foregoing, and in order to proceed most efficiently, the

8  parties propose the following initial schedule for this action:

9          (1) Defendants shall serve their Motion for Judgment on the Pleadings on or

10 before March 14, 2008, and set the Motion for hearing on May 21, 2008.

11         (2) The parties shall complete meet and confer regarding plaintiff's proposed

12 jurisdictional discovery by March 20, 2008.

13         (3)  On or before April 10, 2008, the parties shall present a joint Initial Case

14 Management Conference Statement that shall be limited to the following topics:

15                 (a) a schedule for further briefing and hearing on defendant's Motion for

16 Judgment on the Pleadings;

17                  (b) a procedure by which the Court will determine whether and what to

18 extent plaintiff is entitled to discovery for purposes of determining any Motion to

19 Remand;

20                 (c) a date certain by which plaintiff will file any Motion to Remand; and

21                 (d) a schedule for hearing any Motion to Remand.

22         (4)   The initial Case Management Conference shall be set for April 17, 2008.

23 Discovery shall not be permitted pending the Case Management Conference, except that

24 jurisdictional discovery may proceed pursuant to agreement of the parties or by order of

25 the Court.

26 **IV.    CONCLUSION**

27         The parties jointly move the Court for the relief requested.

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

4

1   Dated: March 13, 2008                    DRINKER BIDDLE & REATH LLP

2
                                             /S/ Michael J. Stortz
3                                            MICHAEL J. STORTZ

4                                            Attorneys for Defendants
                                             COMCAST OF ALAMEDA, INC.;
5                                            COMCAST OF CALIFORNIA II, INC.;
                                             COMCAST OF CALIFORNIA III, INC.;
6                                            COMCAST OF CALIFORNIA IX, INC.;
                                             COMCAST OF CALIFORNIA V, INC.;
7                                            COMCAST OF CALIFORNIA VI, INC.;
                                             COMCAST OF CALIFORNIA X, INC.;
8                                            COMCAST OF CALIFORNIA XIII, INC.;
                                             COMCAST CORPORATION; COMCAST
9                                            OF FRESNO, INC.; COMCAST OF
                                             MARIN I, INC.; COMCAST OF MARIN
10                                           II, INC.; COMCAST OF NORTHERN
                                             CALIFORNIA I, INC.; COMCAST OF
11                                           NORTHERN CALIFORNIA II, INC.;
                                             COMCAST OF SACRAMENTO I, LLC;
12                                           COMCAST OF SACRAMENTO II, LLC;
                                             COMCAST OF SAN LEANDRO, INC.;
13                                           COMCAST OF SIERRA VALLEYS, INC.

14

15
     Dated: March 13, 2008                    LEXINGTON LAW GROUP, LLP
16

17                                            /S/ Mark N. Todzo
                                              MARK N. TODZO
18
                                              Attorneys for Plaintiff
19                                            JON HART

20

21

22

23

24

25

26

27

28

                                    5