**EXHIBIT A**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGUERITE MILES, et al.,

    Plaintiff,

v.    Case No. 8:00-cv-273-T-30TGW

AMERICA ONLINE, INC.,

    Defendant.

## ORDER

This cause came on for consideration upon Defendant's Motion for Rule 16 Pretrial Conference and Order Defining the Scope of Discovery (Dkt. 198), supporting memorandum (Dkt. 199) and Plaintiff's response in opposition thereto (Dkt. 207). Defendant was permitted leave to file a reply brief. (Dkt. 219). The parties submitted briefs on the appropriate class period. (Dkts. 190, 191). The parties also submitted their proposed class notices and objections (Dkts. 200, 202-3, 220) and a joint scheduling report (Dkt. 205). The Court heard the arguments of counsel on these matters on March 1, 2002, and permitted additional briefing on the issue of conspiciousness and class period. (Dkt. 218). The Court has reviewed these additional submissions. (Dkts. 221, 223-4).

Upon granting class certification, the Court recognized that it had a continuing duty to monitor the propriety of the decision and to modify or even vacate the class certification order should the interests of justice so require. Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982); Prado-Steiman v. Bush, 221 F. 3d 1266, 1273-74 (11th Cir. 2000). Accordingly, the Court **grants** Defendant's Motion, and makes the following rulings on class certification issues.



**State Law Claims**

In determining whether to allow a class of Plaintiffs with claims arising under Florida's Unfair and Deceptive Trade Practices Act and Florida law for fraud, the Court is persuaded by the Eleventh Circuit's recent decision in Sikes v. Teleline, Inc., 281 F.3d 1350 (11th Cir. 2002), that reliance may not be inferred or presumed. The Court reads Sikes as precluding the certification of a class for actions involving an element of individualized reliance; that is, where reliance must be proven on a class member-by-class member basis rather than on a class-wide basis.

The reliance element is further complicated by the issue of the Assurance of Voluntary Compliance ("AVC"), which AOL entered into with the attorneys general of forty-four states covering, in part, the conduct alleged in this case. The Court finds that the date of the AVC would limit the cutoff date for the class period and potentially alter the class categories and/or subclasses.

In addition, despite the parties' extensive briefing, the Court was not supplied with a manageable way, in terms of subclasses, to handle these claims to the extent that they arise under various states' laws governing claims for fraud and violations of the unfair and deceptive trade practices acts which may have different elements and/or statute of limitations. Accordingly, the Court decertifies the class for the state law claims.

**Federal Claim**

Plaintiffs' federal claim is brought under the Computer Fraud and Abuse Act of 1986, as amended, 18 U.S.C. §1030 (hereinafter referred to as the "CFAA"). The statute of limitations on the CFAA claim is two years. 18 U.S.C. §1030(g) ("No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.").

Plaintiff Miles initially filed her class action complaint on February 15, 2000. This complaint did not allege violations of the CFAA. The CFAA claim was added on April 25, 2000, when the complaint was first amended and, on October 6, 2000, the second amended complaint was filed adding Plaintiff Colclasure. Defendant argues that the CFAA claim should not relate back to the original complaint for purposes of determining an appropriate class period. The Court disagrees and finds that under Fed. R. Civ. P. 15(c) the amendment relates back to Plaintiffs' original filing because it arose out of the same "conduct, transaction or occurrence" set forth in the original pleading. Accordingly, for purposes of determining an appropriate class period for the CFAA claim, the operative date for the statute of limitations is February 15, 1998.

To prove a CFAA claim,[1] Plaintiffs must establish that AOL "knowingly cause[d] the transmission of a program, information, code or command, and as a result of such conduct intentionally cause[d] damage without authorization to a protected computer" and that by such conduct caused "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. §1030(a)(5)(A)(iii) and (B)(i). The statute defines "damage" to mean "any impairment to the integrity or availability of data, a program, a system, or information" and is limited to economic damages. 18 U.S.C. §1030(e)(8). "Loss" means "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost

---

[1] Although the CFAA is primarily a criminal statute, under §1030(g), "any person who suffers damage or loss ... may maintain a civil action ... for compensatory damages and injunctive relief or other equitable relief."

incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. §1030(e)(11). Hence, causation and the requisite amount of damages are elements of a CFAA claim.

At this stage, it is not clear whether Plaintiffs seek to recover damages for physical damages to their computers, if any, or just to recover payments for long distance charges on their telephone bills. In either case, as AOL points out, the causation issues appear to be somewhat individualized. The three categories of class members set forth by the Court in its order granting class certification include

> all AOL members, past or present, who received long distance charges incurred in connection with using AOL's internet access service (through the promotional campaign in question) and who either (1) discontinued AOL's service within seventy-five (75) days of the date of incurring the first long distance charge (regardless of when the bill was received), or (2) changed their AOL access number within seventy-five (75) days of incurring the first long distance charge (regardless of when the bill was received), or (3) communicated with AOL in writing within six (6) months of incurring the first long distance charge (regardless of when the bill was received) with the purpose of complaining about those long distance charges.

In light of the decertification of the class for state law claims, the Court finds that these categories are no longer appropriate for just the CFAA claim.

Significantly, AOL has presented several examples of individuals who would arguably fit within the first or second category, but may not make out a CFAA claim for failure to establish causation. For example, if a consumer knew he was incurring long distance phone charges to use AOL, and then changed his mind about keeping AOL (on an issue not related to long distance charges) or moved to a different state and changed his number, this would not be a loss or damage under the CFAA to that consumer caused by AOL. As a class, however, it would appear that those

individuals who complained about long distance charges (the third class category) may have a better chance of establishing causation of damages.[2]

Additionally, as for the cutoff date for a CFAA class, Defendant has suggested that these claims be cut off as of June 1, 1998, the date of the implementation of the warning on AOL's sign-in screen regarding long distance charges required by the AVC. Defendant contends that this warning changes the Court's ruling on class certification by altering the causation element. The Court, as it noted at the hearing on this issue, finds that the warning "at least changes the landscape" regarding a plaintiff's knowledge of the long distance charges. The parties are directed to address the effect of the AVC on the causation element of a CFAA class claim.

Also, as to the issue of damages and loss, the Court is concerned that Plaintiffs will not be able to state the required amount of damages to a computer -- "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. §1030(a)(5)(B)(i). At this time, the Court is persuaded by the logic and legislative history on this issue set forth in Thurmond v. Compaq Computer Corp., 171 F.Supp.2d 667 (E.D. Tx. 2001) (holding that damages by unnamed class members could not be used to satisfy damages requirement). The Court is also mindful of the definition of loss provided by the statute in §1030(e)(11) and other cases that have analyzed the damages element. See e.g., EF Cultural Travel BV v. Explorica, Inc., 274 F.3d 577 (1st Cir. 2001); U.S. v. Middleton, 231 F.3d 1207 (9th Cir. 2000); AOL, Inc. v. National Health Care Discount, Inc., 174 F. Supp.2d 890 (N.D. Iowa 2001). Additionally, the Court views the issue of whether AOL

---

[2] In the parties' previous briefing of class certification issues, they have complained about the Court "creating" classes not discussed or contemplated by either party. Here, the Court intends to hear and review *all* pertinent class certification arguments on the CFAA claim before certifying a class.

caused damage "without authorization" to be a factual question to be resolved by a jury. See EF Cultural, 274 F.3d at 582, n.10 (conduct is "without authorization" only if is not "in line" with the party's "reasonable expectations").

It is therefore **ORDERED and ADJUDGED** that Plaintiff should file a brief proposing the appropriate class category(s) for the CFAA claim in light of the Court's rulings herein. Plaintiff is directed to file the brief within **forty-five (45) days** of the date of this Order, not to exceed twenty (20) pages. Defendant shall respond within **thirty (30) days** thereafter within the same page limit. Mindful of the delays in this case, the Court shall endeavor to schedule a hearing, if necessary, and make a prompt decision thereafter on the issue of class certification of the CFAA claim.

**DONE and ORDERED** in Tampa, Florida on this 30 day of August, 2002.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

*Copies furnished to:*
Counsel/Parties of Record

**EXHIBIT B**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGUERITE MILES, a Florida : 
citizen, PATRICIA COLCLASURE, 
a Kansas citizen, on behalf of :
themselves and all other citizens
similarly situated, :

    Plaintiff, :

vs. :    Case No. 8:00CV273-T-TGW

AMERICA ONLINE, INC., :
a Delaware corporation,
     :
    Defendant.

## ORDER

Upon due consideration of the Joint Motion to Dismiss, it is hereby **ORDERED** and **ADJUDGED** that:

1. No class is currently certified with respect to plaintiffs' Computer Fraud and Abuse Act claim.

2. The settlement of the named plaintiffs' claims, without notice to the putative class, is approved.

3. All claims asserted by the named plaintiffs are dismissed with prejudice. The claims of all other putative class members are not affected by this Order.

**DONE and ORDERED** in Tampa, Florida on July 28, 2003.

                           JAMES S. MOODY, JR.
                           UNITED STATES DISTRICT JUDGE

TPA#1840800.1