1  Michael J. Stortz (State Bar No. 139386)
   michael.stortz@dbr.com
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, CA  94105-2235
   Telephone:    (415) 591-7500
4  Facsimile:    (415) 591-7510

5  Attorneys for Defendants
   COMCAST OF ALAMEDA, INC.; COMCAST OF
6  CALIFORNIA II, INC.; COMCAST OF CALIFORNIA
   III, INC.; COMCAST OF CALIFORNIA IX INC.;
7  COMCAST OF CALIFORNIA V INC.; COMCAST OF
   CALIFORNIA VI INC.; COMCAST OF CALIFORNIA
8  X INC.; COMCAST OF CALIFORNIA XIII INC.;
   COMCAST CORPORATION; COMCAST OF FRESNO,
9  INC.; COMCAST OF MARIN I, INC.; COMCAST OF
   MARIN II, INC.; COMCAST OF NORTHERN
10 CALIFORNIA I, INC.; COMCAST OF NORTHERN
   CALIFORNIA II, INC.; COMCAST OF SACRAMENTO
11 I, LLC; COMCAST OF SACRAMENTO II, LLC;
   COMCAST OF SAN LEANDRO, INC.; COMCAST OF
12 SIERRA VALLEYS, INC.; and DOES 1-250

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JON HART,<br><br>                    Plaintiff,<br><br>     v.<br><br>COMCAST OF ALAMEDA, INC.; COMCAST OF CALIFORNIA II, INC.; COMCAST OF CALIFORNIA III, INC.; COMCAST OF CALIFORNIA IX INC.; COMCAST OF CALIFORNIA V INC.; COMCAST OF CALIFORNIA VI INC.; COMCAST OF CALIFORNIA X INC.; COMCAST OF CALIFORNIA XIII INC.; COMCAST CORPORATION; COMCAST OF FRESNO, INC.; COMCAST OF MARIN I, INC.; COMCAST OF MARIN II, INC.; COMCAST OF NORTHERN CALIFORNIA I, INC.; COMCAST OF NORTHERN CALIFORNIA II, INC.; COMCAST OF SACRAMENTO I, LLC; COMCAST OF SACRAMENTO II, LLC; COMCAST OF SAN LEANDRO, INC.; COMCAST OF SIERRA VALLEYS, INC.; and DOES 1-250,<br><br>                    Defendants. | Case No.  C-07-06350 PJH<br><br>**NOTICE OF PENDENCY OF OTHER ACTIONS** |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF PENDENCY OF OTHER ACTIONS
SF01/ 600862.1

CASE NO.  C-07-06350 PJH

Pursuant to Civil L.R. 3-13, Defendants Comcast of Alameda, Inc., Comcast of California II, Inc., Comcast of California III, Inc., Comcast of California IX Inc., Comcast of California V Inc., Comcast of California VI Inc., Comcast of California X Inc., Comcast of California XIII Inc., Comcast Corporation, Comcast of Fresno, Inc., Comcast of Marin I, Inc., Comcast of Marin II, Inc., Comcast of Northern California I, Inc., Comcast of Northern California II, Inc., Comcast of Sacramento I, LLC, Comcast of Sacramento II, LLC, Comcast of San Leandro, Inc. and Comcast Of Sierra Valleys, Inc. submit the following Notice of Pendency of Other Actions:[1]

1. *Leigh, et al. v. Comcast of California II, Inc., et al.,* No. 2:08-cv-04601 (C.D. Cal.) (formerly known as *Rea v. Comcast of California II, Inc.*);
2. *Libonati v. Comcast Cablevision of Jersey City, Inc., et al.,* No. 1:08-cv-03518 (D.N.J.);
3. *Lis v. Comcast of Chicago, Inc., et al.,* No. 1:08-cv-03984 (N.D. Ill.);
4. *Tan v. Comcast Corp.,* No. 2:08-cv-02735 (E.D. Pa.);
5. *Topolski v. Comcast Corp., et al.,* No. 3:08-cv-00852 (D. Or.); and
6. *Sidner v. Comcast of the District*, No. 2008 CA 001180 B (D.C. Super. Ct.).

These related actions all challenge certain Comcast High-Speed Internet Service ("HSIS") network management practices. The gravamen of each of the actions is that Comcast allegedly slowed, delayed or otherwise impeded subscribers' peer-to-peer file sharing transmissions and allegedly failed to disclose that practice. Many of the specific allegations, including allegations relating to class treatment, are similar. These complaints advance analogous theories of liability, seek substantially similar relief, and request the certification of overlapping single-state or nationwide classes of subscribers who received Comcast's HSIS service. These cases are all in their infancy; no class has been certified or considered for certification and no merits or class certification discovery has been

---

[1] On June 17, 2008, Defendants submitted a Notice of Pendency of Other Actions that identified the *Sidner* and *Leigh* actions (*Leigh* then being known as *Rea*) as related and noted that other actions had been filed but not yet served. Those and other actions have now been served, and accordingly Defendants submit this amended notice.

1 conducted. Indeed, the only action taken by any of the courts presiding over these related actions was this Court's decision to temporarily stay this action pursuant to the primary jurisdiction doctrine during the pendency of the Federal Communication Commission's review of Defendants' network management practices.

Because these related actions all involve the same predicate factual allegations and overlapping claims for relief brought on behalf of overlapping or identically defined putative classes, Defendants have petitioned the Judicial Panel on Multidistrict Litigation (the "Panel") to coordinate the six federal actions for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407(a). That motion was filed on August 14, 2008, and will be heard at the next meeting of the Panel, which will take place in late September. A copy of that Motion is attached hereto as Exhibit A. In the other related federal actions, motions to temporarily stay litigation pending a ruling by the Panel have or will soon be filed. *See, e.g.*, *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (Wilken, J.) ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (Hauk, J.); *Smith v. Mail Boxes, Etc., Inc.*, 191 F. Supp. 2d 1155 (E.D. Cal. 2002) (Shubb, J.); *see also Hardin v. Merck & Co., Inc.*, No. 07-0070, 2007 WL 1056790, at *2 (N.D. Cal. Apr. 5, 2007) (Armstrong, J.). Such a motion will not be filed in the instant case at the present time, however, because, as noted above, this action is already temporarily stayed on primary jurisdiction grounds.[2]

///
///
///
///

---

[2] On August 1, 2008, the Federal Communications Commission voted to take certain action in connection with its network management proceeding. It has not, however, issued any order or opinion. Pursuant to the Court's Order of June 25, 2008, Defendants will meet and confer with the Plaintiff and will advise the Court how the parties wish to proceed within thirty days of the Federal Communication Commission's issuance of an order or opinion (or by December 12, 2008 if the there has been no action by that date).

| | | |
|---|---|---|
| 1 | Dated: August 15, 2008 | DRINKER BIDDLE & REATH LLP |
| 3 | | By:/s/ Michael J. Stortz |
| 4 | | Michael J. Stortz<br>Attorneys for Defendants |