1    LEXINGTON LAW GROUP, LLP
     Mark N. Todzo (State Bar No. 168389)
2    Eric S. Somers, (State Bar No. 139050)
     Howard J. Hirsch (State Bar No. 213209)
3    1627 Irving Street
     San Francisco, CA 94122
4    Telephone: (415) 759-4111
     Facsimile: (415) 759-4112
5
     Attorneys for Plaintiff
6    JON HART

7
                        UNITED STATES DISTRICT COURT
8
                      NORTHERN DISTRICT OF CALIFORNIA
9
                           SAN FRANCISCO DIVISION
10

11   JON HART, On Behalf of Himself and All        ) Case No. C-07-06350 PJH
     Others Similarly Situated, and On Behalf of the )
12   General Public,                                 )
                                                     ) **[PROSED] ORDER RE: FILING OF**
13                          Plaintiff,              ) **FIRST AMENDED COMPLAINT AND**
                                                     ) **POSTPONING RESPONSIVE**
14          vs.                                      ) **PLEADING DEADLINE**
                                                     )
15   COMCAST OF ALAMEDA, INC.; COMCAST )
     OF CALIFORNIA II, INC.; COMCAST OF  )
16   CALIFORNIA III, INC.; COMCAST OF    )
     CALIFORNIA IX, INC.; COMCAST OF     )
17   CALIFORNIA V, INC.; COMCAST OF      )
     CALIFORNIA VI, INC.; COMCAST OF     )
18   CALIFORNIA X, INC.; COMCAST OF      )
     CALIFORNIA XIII, INC.; COMCAST      )
19   CORPORATION; COMCAST OF FRESNO,     )
     INC.; COMCAST OF MARIN I, INC.;     )
20   COMCAST OF MARIN II, INC.; COMCAST  )
     OF NORTHERN CALIFORNIA I, INC.;     )
21   COMCAST OF NORTHERN CALIFORNIA II, )
     INC.; COMCAST OF SACRAMENTO I, LLC; )
22   COMCAST OF SACRAMENTO II, LLC;      )
     COMCAST OF SAN LEANDRO, INC.;       )
23   COMCAST OF SIERRA VALLEYS, INC.; and )
     DOES 1-250                           )
24                                        )
                            Defendants.    )
25   ─────────────────────────────────── )

26

27

28

1    The Court, having received and reviewed the Stipulation For Filing First

2    Amended Complaint and Postponing Responsive Pleading Deadline.  Based upon the foregoing

3    agreement, and for good cause shown, IT IS HEREBY ORDERED as follows:

4         1.    Plaintiff Jon Hart may file a First Amended Complaint, a copy of which is

5    attached hereto;

6         2.    In consenting to the filing the amended complaint, Defendants Comcast

7    Corporation and its operating subsidiaries named as defendants in either the original or amended

8    complaint ("Defendants") do not waive any of their substantive or procedural defenses to the

9    claims asserted in the First Amended Complaint; and

10        3.    Defendants' deadline to answer, plead or otherwise move in response to the

11   First Amended Complaint shall be extended to a date to be set at a case management conference

12   to be scheduled by the Court after a ruling by the Judicial Panel on Multidistrict Litigation on

13   Defendants' August 14, 2008 petition to coordinate this action with other similar actions.

14        IT IS SO ORDERED

15

16   Dated: September___, 2008
                        23

17                                              The Honorable Ph_____

18                                              Unite_____



19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

LEXINGTON LAW GROUP, LLP
Mark N. Todzo (State Bar No. 168389)
Eric S. Somers, (State Bar No. 139050)
Howard J. Hirsch (State Bar No. 213209)
1627 Irving Street
San Francisco, CA 94122
Telephone: (415) 759-4111
Facsimile: (415) 759-4112

Christopher M. Burke (State Bar No. 214799)
Hal Cunnigham (State Bar No. 243048)
SCOTT + SCOTT, LLP
600 B Street, Suite 1500
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508

Attorneys for Plaintiff
JON HART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JON HART, On Behalf of Himself and All Others Similarly Situated, and On Behalf of the General Public,<br><br>Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC, COMCAST CABLE COMMUNICATIONS HOLDINGS, INC.; COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC and DOES 1-250;<br><br>Defendants. | Case No. C-07-06350 PJH<br><br><u>CLASS ACTION</u><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Jon Hart ("Plaintiff"), on behalf of himself and those similarly situated, based on information and belief and investigation of his counsel, except for information based on personal knowledge, hereby alleges:

**NATURE OF ACTION**

1.      Defendants advertise, market and sell their high speed internet service (the "Service") based on claims of "lightning fast" and "mind-blowing" speeds.  Defendants further promise their customers and prospective customers that they will have "unfettered access to all the internet has to offer."  Nevertheless, Defendants intentionally and severely impede the use of certain internet applications by their customers, slowing such applications to a mere crawl or stopping them altogether.  This class action complaint seeks to end Defendants' practice and seeks recovery of fees paid by customers who paid for services they did not receive.

2.      Defendants' breach of their promises to provide unfettered access to the internet constitutes a breach of its contract.  Defendants' marketing and advertising is primarily based on representations of the speed at which users may download and upload content onto the internet.  Given Defendants' practice of severely limiting the speed of certain internet applications such as peer-to-peer file sharing and Lotus Notes (the "Blocked Applications"), this marketing and advertising is deceptive.

3.      Defendants impede their customers' access to the Blocked Applications by transmitting unauthorized hidden messages known as "reset packets" to the computers of customers who utilize such applications.   These transmissions severely impair and/or completely block the customers' use of the Blocked Applications by telling the computers to stop communicating via such applications.  Thus, Defendants' unauthorized interference with its customers' computers results in such customers' loss of use of their computers and the Service.  Accordingly, Defendants' practice constitutes unlawful acts in violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030 (the "CFAA").

4.      Accordingly, Plaintiff and the class seek damages to compensate them for the impairments to their Service.  Plaintiff and the class further seek an order enjoining Defendants'

acts of unfair competition and false and misleading advertising and awarding restitution to the individual victims of Defendants' unfair and deceptive practices.

## PARTIES

5.       Plaintiff Jon Hart is a citizen of the State of California.  Plaintiff brings this action on behalf of himself and those similarly situated.  Plaintiff is a purchaser of the Service and has experienced severe limitations on the speed of the Service when he utilizes Blocked Applications.

6.       Defendant Comcast Corporation is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.  Comcast Corporation distributes, markets and/or sells the Service for use in California and approximately thirty-six other states and the District of Columbia.

7.       Defendant Comcast Cable Communications, LLC is a Delaware limited liability company with its principal place of business in Philadelphia, Pennsylvania.  Comcast Cable Communications, LLC distributes, markets and/or sells the Service for use in California and approximately thirty-six other states and the District of Columbia.

8.       Defendant Comcast Cable Communications Holdings, Inc. is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania.  Comcast Cable Communications Holdings, Inc. distributes, markets and/or sells the Service for use in California and approximately thirty-six other states and the District of Columbia.

9.       Defendant Comcast Cable Communications Management, LLC is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania.  Comcast Cable Management, LLC distributes, markets and/or sells the Service for use in California and approximately thirty-six other states and the District of Columbia.

10.       Defendant Does 1 through 250 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein and are responsible

in some manner for the matters alleged herein.  Plaintiff will amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

11.     The term "Defendants," as used herein, is defined to mean the Defendants named in paragraphs 6-8, as well as all Defendant DOES 1-250.

12.     At all times herein mentioned, each defendant was the agent, servant, employee, co-conspirator and/or joint venturer of each of the other defendants.  In doing the things alleged in the causes of action stated herein, each and every defendant was acting within the course and scope of this agency, employment, conspiracy, and/or joint venture, and was acting with the consent, permission and authorization of each of the other defendants.  All actions of each defendant, as alleged in the causes of action stated herein, were ratified, approved and/or authorized by every other defendant with full knowledge of such acts.  Defendants are thus jointly and severally liable for such actions.

## JURISDICTION AND VENUE

13.     The Court has diversity jurisdiction over this action under 28 U.S.C. §1332(d)(2).  Plaintiff seeks certification of a class of all persons who purchased the Service during the applicable statute of limitations and used or attempted to use peer-to-peer or online file sharing applications and/or Lotus Notes.  Such persons reside in California, thirty-six other states, and the District of Columbia.  Defendants are citizens of Pennsylvania and/or Delaware.  The amount in controversy exclusive of interest and costs exceeds $5 million.  The Court also has federal question jurisdiction over this action under 28 U.S.C. §1331.

14.     The Court has personal jurisdiction over Defendants because each is a corporation or partnership that has sufficient minimum contacts in California or otherwise intentionally avails itself of the California market through its marketing and sales of the Service in the State of California and/or by having such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

15.     Venue is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District and because the Court has personal jurisdiction over Defendants.

**CLASS ACTION ALLEGATIONS**

16.     Plaintiff brings this suit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the class defined as follows:

> all residents of the United States who purchased the Service during the applicable statute of limitations and used or attempted to use peer-to-peer or online file sharing applications and/or Lotus Notes. Specifically excluded from this Class are Defendants; the officers, directors or employees of Defendants; any entity in which Defendants have a controlling interest; and any affiliate, legal representative, heir or assign of Defendants. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

(the "Class").

17.     Plaintiff also brings claims on behalf of himself and the following subclass:

> all persons in California who purchased the Service during the applicable statute of limitations and used or attempted to use peer-to-peer or online file sharing applications and/or Lotus Notes. Specifically excluded from this Class are Defendants; the officers, directors or employees of Defendants; any entity in which Defendants have a controlling interest; and any affiliate, legal representative, heir or assign of Defendants. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

(the "California Subclass").

18.     The Class and California Subclass are sufficiently numerous, as each includes hundreds or thousands of persons who have purchased the Service.  Thus, joinder of such persons in a single action or bringing all members of the Class or the California Subclass before the Court is impracticable for purposes of Rule 23(a)(1) of the Federal Rules of Civil Procedure. The disposition of the Class and California Subclass members' claims in this class action will

substantially benefit both the parties and the Court.  The members of the Class and California Subclass are ascertainable from Defendants' records.

19.     There are questions of law and fact common to the Class and California Subclass for purposes of Fed. R. Civ. P. 23(a)(2).  Defendants utilize standardized form contracts in every state they operate, and have uniformly breached those contracts in the same manner with respect to Plaintiff and the other members of the Class and the California Subclass.  Defendants also utilize national advertising campaigns that include uniform misrepresentations that misled Plaintiff and the other members of the Class and the California Subclass.  Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the parties.

20.     Plaintiff asserts claims that are typical of the claims of the entire Class and California Subclass for purposes of Fed. R. Civ. P. 23(a)(3).  Plaintiff and all Class and California Subclass members have been subjected to the same wrongful conduct because they have purchased the Service which does not perform in the manner that Defendants represent. Plaintiff, the Class and the California Subclass have thus all overpaid for the Service.

21.     Plaintiff will fairly and adequately represent and protect the interests of the other Class and California Subclass members for purposes of Fed. R. Civ. P. 23(a)(4).  Plaintiff has no interests antagonistic to those of other Class and California Subclass members.  Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent him.  Plaintiff anticipates no difficulty in the management of this litigation as a class action.

22.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted on grounds that apply generally to the Class and the California Subclass, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class and the California Subclass as a whole.  Defendants utilize standardized form contracts and have uniformly breached those contracts in the same manner with respect to Plaintiff and the other members of the Class and the California Subclass.  Defendants also utilize national

advertising campaigns that include uniform misrepresentations that misled Plaintiff and the other members of the Class and the California Subclass.

23.   Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact substantially predominate over any questions that may affect only individual members of the Class and California Subclass.  Among these common questions of law and fact are:

(a)   whether Defendants advertise and market the Service by promoting the speed at which its customers may download and upload data from the internet;

(b)   whether Defendants promise that customers of the Service will be provided with unfettered access to the internet;

(c)   whether Defendants block the Blocked Applications;

(d)   whether Defendants impede the Blocked Applications;

(e)   whether Defendants' blockage or impediment of the Blocked Applications constitutes a breach of the contract;

(f)   whether there is an enforceable written contract between Defendants and the Class;

(g)   whether Defendants' blockage or impediment of the Blocked Applications results in aggregate loss by the Class in excess of $5,000;

(h)   whether Defendants' blockage or impediment of the Blocked Applications constitutes a violation of the CFAA;

(i)   whether Defendants' marketing and advertising is likely to deceive the Class;

(j)   whether Defendants' conduct violates the consumer protection laws alleged herein;

(k)   whether members are entitled to compensatory, statutory, treble and/or punitive damages; and

(l)   whether members are entitled to injunctive and other equitable relief.

24.   Proceeding as a class action provides substantial benefits to both the parties and

the Court because this is the most efficient method for the fair and efficient adjudication of the controversy.  Class and California Subclass members have suffered and will suffer irreparable harm and damages as a result of Defendants' wrongful conduct.  Because of the nature of the individual Class and California Subclass members' claims, few, if any, could or would otherwise afford to seek legal redress against Defendants for the wrongs complained of herein, and a representative class action is therefore appropriate, the superior method of proceeding, and essential to the interests of justice insofar as the resolution of Class and California Subclass members' claims is concerned.  Absent a representative class action, Class and California Subclass members would continue to suffer losses for which they would have no remedy, and Defendants would unjustly retain the proceeds of their ill-gotten gains.  Even if separate actions could be brought by individual members of the Class and California Subclass, the resulting multiplicity of lawsuits would cause undue hardship, burden and expense for the Court and the litigants, as well as create a risk of inconsistent rulings which might be dispositive of the interests of the other Class and California Subclass members who are not parties to the adjudications and/or may substantially impede their ability to protect their interests.

## **BACKGROUND FACTS**

25.     Defendants market and/or sell the Service.  The Service is designed to provide Defendants' customers with high-speed access to the internet.  Accordingly, Defendants refer to, market and sell the Service under the name "High Speed Internet."

26.     The speed at which a user is able to access the internet is one of the most important aspects of internet service.  Internet access speed is particularly important for individuals who download and/or upload large files and is thus particularly material to Plaintiff and members of the Class and California Subclass.

27.     Users of the Blocked Applications typically download and/or upload large files, so internet access speed is particularly important to such users.

28.     Plaintiff and the other members of the Class and California Subclass are users of Blocked Applications.

29.     Defendants' advertising and marketing of the Service revolves around claims

- 7 -

regarding the speed of the Service.  For example, Defendants make the following representations concerning the Service in their advertising:

> * Get on the fast track...fast.  With Comcast High-Speed Internet, surf the web at lightning speed;
> * Stop crawling the web and start burning rubber with scorching speeds.
> * Stop crawling the web and start burning rubber with our Performance (6 Mpbs) service!  And now with PowerBoost, our fast connection gets even faster.
> * Zoom around the web at mind-blowing speeds.
> * Comcast High-Speed Internet delivers everything you need to get the most from your Internet experience.  Download at crazy-fast speeds.
> * Our customers enjoy unfettered access to all the content, services, and applications that the internet has to offer.
> * Way faster than DSL ... up to 4 times faster than 1.5 Mbps DSL and up to twice as fast as 3.0 Mbps DSL.

30.    Plaintiff upgraded his internet service to Defendants' High-Speed Internet Performance Plus in September 2007 in order to gain faster uploads and downloads to and from the internet.  A major reason for the upgrade, was to enable Plaintiff to utilize the Blocked Applications, which require high speed internet access.

31.    Defendants have numerous different terms of service and/or use posted on their website.  In addition, at the time a potential subscriber attempts to purchase the service on Defendants' website, a scroll window opens with the Comcast High-Speed Internet Subscriber Agreement (the "Agreement").  Although only 10-15 lines of text are visible at one time in the scroll box, if the Agreement is cut and pasted into a word processor, it is 22 pages of single-spaced text.  Potential subscribers are not required to "check a box" or give any other affirmative indication of their assent to the terms of the Agreement or any of the other terms of service and/or use posted on Defendants' website prior to subscribing to the Service.  Given these different documents referencing the terms of use of the Service, it is not easy to determine what,

if any, contract applies to the Service.  However, all of the different terms of service promise that Defendants will provide the Service.  Many of the terms of service explicitly reference internet access speeds.  For example, the Terms and Conditions state that "Comcast speed tiers range from 4.0 to 16.0 Mbps download speed (maximum upload speed from 384Kbps to 786Kbps respectively)."  Significantly, none of the terms of service state that Comcast can or will impede, limit, discontinue, block or otherwise impair or treat differently the Blocked Applications.

32.     Plaintiff and the other members of the Class and California Subclass have performed their obligations under the terms of their agreements with Defendants by paying their monthly charges.

33.     Nevertheless, Defendants severely impede and/or block the Blocked Applications used by Plaintiff and the other members of the Class and California Subclass.  As a result of Defendants' impairment, Plaintiff and the other members of the Class and California Subclass experience internet upload and download speeds for the Blocked Applications that are exponentially slower than the speeds advertised by Defendants and/or experience complete blockage of their file sharing applications.

34.     Defendants actively and intentionally slow and/or block the Blocked Applications by sending hidden messages to computers that are running file sharing applications.  These hidden messages appear to the computer as coming from the other computers with which it is sharing files, telling it to stop communicating.  The result is that file sharing applications are completely blocked or severely impeded.

35.     Plaintiff and the other members of the Class and California Subclass did not authorize Defendants to send them hidden messages in order to block and/or impair their use of the Blocked Applications.

36.     Defendants initially denied that they blocked or in any way impaired the Blocked Applications.  For example, in October 2007 Defendants stated: "we do not block access to any Web site or applications, including BitTorrent" and "we never prevent P2P activity, or block access to any P2P applications."  However, subsequent to the initial filing of this lawsuit, Defendants changed their tune.  In January 2008, Defendants revised their Acceptable Use

1   Policy to concede that they take action against use of certain internet applications by "delaying
2   peer-to-peer sessions" and "limiting the number of peer-to-peer sessions."

3        37.    Plaintiff and the other members of the Class and California Subclass have
4   suffered damage as a result of Defendants' transmission of unauthorized messages.  Plaintiff and
5   the other members of the Class and California Subclass have suffered a loss of use of their
6   computers and the Service as a result of Defendants' unauthorized transmissions.  The loss to
7   Plaintiff and the other members of the Class and California Subclass exceeds $5,000.

8        38.    On August 1, 2008, the Federal Communications Commission ("FCC")
9   determined that Defendants had violated FCC Policy Statement, FCC 05-155 – which sets out
10  the FCC's policy that internet network services should be operated in a neutral manner – by
11  discriminating against use of the Blocked Applications.  The FCC also determined that
12  Defendants' disclosures of their interference with the Blocked Applications were inadequate.

13                        **FIRST CAUSE OF ACTION**
                **(Breach of Contract on Behalf of Plaintiff and the Class)**

14       39.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 38
15  of this Complaint.

16       40.    Plaintiff and the Class entered into a written or implied contract with Defendants
17  to pay monthly fees in order to obtain the Service.

18       41.    Plaintiff and members of the Class performed their obligations under the contract
19  by paying their monthly fees.  Nevertheless, Defendants unjustifiably breached the contract by
20  restricting Plaintiff's and the Class' access to, and use of, the Service.

21       42.    Plaintiff and members of the Class were damaged by Defendants' breach of the
22  contract in that they did not receive the Service for which they paid, and are therefore entitled to
23  damages according to proof at trial.

24       Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

25                       **SECOND CAUSE OF ACTION**
              **(Violation of the Pennsylvania Unfair Trade Practices and**
26            **Consumer Protection Law on Behalf of Plaintiff and the Class)**

27       43.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 42
28  of this Complaint.

44.     The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-2(xxi), makes it unlawful to engage in "fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding."  Because Defendants have their national headquarters in Pennsylvania, and because the unlawful conduct alleged herein emanated from Pennsylvania, Pennsylvania law applies to Plaintiff's and the remaining Class members' claims.

45.     Defendants have engaged and continue to engage in fraudulent or deceptive conduct that creates a likelihood of confusion and misunderstanding, and that actually did create confusion and misunderstanding, by Plaintiff and the other Class members.  This conduct includes, but is not limited to, promoting and advertising the fast speeds that apply to the Service without limitation, when, in fact, Defendants severely limit the speed of the Service for certain applications.  It further includes Defendants' misrepresentations that its customers will enjoy "unfettered access" to all internet applications, when, in fact, Defendants not only fetter certain applications, but completely block them.  Further, Defendants deceive consumers into purchasing the Service in the mistaken belief that they will be able to utilize the Service for file sharing applications, while actively limiting and/or blocking such applications.

46.     The speed at which a user is able to access the internet is an important and material factor to consumers of high speed internet services and is especially important and material to users of Blocked Applications including Plaintiff and the other members of the Class.

47.     By committing the acts alleged above, Defendants have violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

48.     Plaintiff and the Class have all paid money for the Service.  However, Plaintiff and the Class did not obtain the full value of the advertised Service due to Defendants' undisclosed obstruction of certain file sharing applications.  Accordingly, Plaintiff and the Class have suffered injury in fact and lost money or property as a result of Defendants' acts of false advertising.

Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

**THIRD CAUSE OF ACTION**
**(Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030,**
**on Behalf of Plaintiff and the Class)**

49.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 48 of this Complaint.

50.     Under the CFAA, it is unlawful to knowingly and without authorization cause the transmission of a program, information, code or command to a computer used for interstate commerce or communication, where such transmission causes damage, and the aggregate resulting loss is at least $5,000 in value.  18 U.S.C. §1030(a)(5).  By sending unauthorized secret messages to the computers of Plaintiff and the Class in order to block and/or impede their use of the Blocked Applications, Defendants have caused Plaintiff and the other members of the Class to suffer damage and loss as set forth above, in an aggregate amount in excess of $5,000.  Accordingly, Defendants have violated the CFAA.

51.     The CFAA authorizes any person who suffers damage or loss by reason of a violation of the statute to maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.  18 U.S.C. §1030(g).

Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

**FOURTH CAUSE OF ACTION**
**(Violation of the Consumer Protection Statutes**
**of Certain States on Behalf of Plaintiff and the Class)**

52.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 51 of this Complaint.

53.     Defendants have engaged and continue to engage in conduct that is unfair, false, deceptive, and misleading.  This conduct includes, but is not limited to, promoting and advertising the fast speeds that apply to the Service without limitation, when, in fact, Defendants severely limit the speed of the Service for the Blocked Applications.  It further includes Defendants' misrepresentations that its customers will enjoy "unfettered access" to all internet applications, when, in fact, Defendants not only fetter the certain applications, but completely block them.  Further, Defendants deceive consumers into purchasing the Service in the mistaken belief that they will be able to utilize the Service for file sharing applications, while actively

limiting and/or blocking such applications.

54.     The speed at which a user is able to access the internet is an important and material factor to consumers of high speed internet services and is especially important and material to users of Blocked Applications including Plaintiff and the Class.

55.     Plaintiff and the Class have all paid money for the Service.  However, Plaintiff and the Class did not obtain the full value of the advertised Service due to Defendants' undisclosed obstruction of certain file sharing applications.  Accordingly, Plaintiff and the California Subclass have suffered injury in fact, ascertainable loss, and lost money or property as a result of Defendants' acts of false advertising, unfair and deceptive conduct.

56.     Defendants' actions as described above constitute unfair competition or trade or unfair, unconscionable, deceptive, or fraudulent acts or practices in violation of the consumer protection laws of each of the states in which Comcast sells high-speed Internet service: Ala. Code § 8-19-1, *et seq.* (Alabama); Ariz. Rev. Stat § 44-1522, *et seq.* (Arizona); Ark. Code § 4-88-101, *et seq.* (Arkansas); Cal. Bus. & Prof. Code § 17200, *et seq.* and Cal. Bus. & Prof. Code § 17500, *et seq.* (California); Colo. Rev. Stat. § 6-1-105, *et seq.* (Colorado); Conn. Gen. Stat. § 42-110a, *et seq.* (Connecticut); D.C. Code Ann. § 28-3901, *et seq.* (District of Columbia); Del. Code Ann. Tit. 6, § 2511, *et seq.* (Delaware); Fla. Stat. Ann. § 501.201, *et seq.* (Florida); Ga. Code Ann. § 10-1-390, *et seq.* (Georgia); Idaho Code § 48-601, *et seq.* (Idaho); 815 ILCS § 505/1, *et seq.* (Illinois); Ind. Code Ann. § 24-5-0.5.1, *et seq.* (Indiana); Kan. Stat. § 50-623, *et seq.* (Kansas); Ky. Rev. Stat § 367.110, *et seq.* (Kentucky); La. Rev. Stat. Ann § 51:1401, *et seq.* (Louisiana); Me. Rev. Stat. Ann. Tit. 5, § 205-A, *et seq.* (Maine); Md. Com. La Code Ann. § 13-101, *et seq.*, Md. Com. Law Code Ann. § 13-301 *et seq.*, and Md. Com Law Code Ann. § 13-408, *et seq.* (Maryland); Mass. Gen. L. Ch. 93A § 1, *et seq.* (Massachusetts); Mich. Stat. Ann § 445.901, *et seq.* and Mich. Stat. Ann. § 19.418(1), *et seq.* (Michigan); Minn. Stat. § 325F.68, *et seq,* and Minn. Stat. § 8.31 (Minnesota); Miss. Code Ann. § 75-24-3, *et seq.* (Mississippi); Mo. Rev. Stat. § 407.010 (Missouri); N.H. Rev. Stat. Ann. § 358-A:1, *et seq.* (New Hampshire); N.Y. Gen. Bus. Law § 349, *et seq.* (New York); N.C. Gen. Stat. § 75-1, *et seq.* (North Carolina); Ohio Rev, Code Ann. § 1345.01, *et seq.* (Ohio); Ore. Rev. Stat. § 646.605, *et seq.* (Oregon); Penn.

Stat. § 201-1, *et seq.* (Pennsylvania); R.I. Gen. Laws § 6-13.1-1 (Rhode Island); S.C. Code Ann. § 39-5-10, *et seq.* (South Carolina); Tenn. Code Ann. § 47-13-101, *et seq.* (Tennessee); Tex. Bus. & Com. Code Ann. § 17.41, *et seq.* (Texas); Utah Code Ann. § 13-11-1, *et seq.* (Utah); Vt. Stat. Ann. Tit. 9, § 2451, *et seq.* (Vermont); VA. Code Ann. § 59.1-196, *et seq.* (Virginia); Wash. Rev. Code § 19.86.010, *et seq.* (Washington); W. Va. Code §§ 46A-6-101, *et seq.* (West Virginia); and Wis. Stat. § 100.20, *et seq.* (Wisconsin).

Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

### FIFTH CAUSE OF ACTION
**(Breach of Implied Covenant of Good Faith and Fair Dealing on Behalf of Plaintiff and the Class)**

57.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 56 of this Complaint.

58.     In exchange for payment of a monthly fee by Plaintiff and the Class, Defendants agreed to provide the Service to Plaintiff and the Class.  Defendants did not inform Plaintiff and the Class that it could or would limit their service by impeding and/or blocking the Blocked Applications.  In fact, Defendants told Plaintiff and the Class that they would "enjoy unfettered access to all the content, services, and applications that the internet has to offer."

59.     Plaintiff and members of the Class purchased the Service with the reasonable expectation that they would have full access to the Service, including when using the Blocked Applications.

60.     In addition, Plaintiff and members of the Class purchased the Service with the reasonable expectation that Defendants would deal with them honestly, fairly, equitably, in good faith and in full conformity with the fundamental and implied terms of the contract.  Defendants brought about and intended this expectation through the language used in its terms of use and in the Agreement, through their advertising, and through the express representations of their employees, agents and representatives.

61.     In breach of the covenant of good faith and fair dealing, Defendants have blocked and/or impeded use of the Service by Plaintiff and the Class by impairing use of the Blocked Applications.  Defendants have thus unreasonably denied Plaintiff and members of the Class the

1    benefit of their bargain.

2        62.    Defendants have materially and fundamentally breached the duty of good faith

3    and fair dealing owed to Plaintiff and members of the Class in at least the following respects:

4            a.    unreasonably, secretly, and in bad faith scheming to impede use of the

5    Blocked Applications;

6            b.    unreasonably and in bad faith failing to clearly and definitely notify

7    Plaintiff and members of the Class of the fact that Plaintiff and members of the Class would be

8    unable to use the Blocked Applications;

9            c.    unreasonably and in bad faith continuing to misrepresent to Plaintiff and

10   members of the Class that they would enjoy unfettered access to the internet, when in fact

11   Defendants were impeding their access to the internet; and

12           d.    unreasonably and in bad faith putting the interest of Defendants ahead of

13   Plaintiff and the Class members.

14       63.    Defendants' conduct represents a failure and/or refusal to discharge their

15   contractual responsibilities, prompted by a conscious and deliberate act, which unfairly frustrates

16   the agreed common purposes and disappoints the reasonable expectations of Plaintiff and

17   members of the Class and thereby deprives Plaintiff and members of the Class of the benefits of

18   the agreed-upon terms in the Agreement.

19       64.    Plaintiff and members of the Class performed their obligations under the written

20   or implied contract by paying their monthly fees.

21       65.    Plaintiff and members of the Class were damaged by Defendants' breach of the

22   covenant of good faith and fair dealing in that they did not receive the benefits of the Service for

23   which they paid, and are therefore entitled to damages according to proof at trial.

     Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

24                          **SIXTH CAUSE OF ACTION**
25          **(Violations of the Consumer Legal Remedies Act ("CLRA")**
                **on Behalf of Plaintiff and the California Subclass)**
26
27       66.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 65

28   of this Complaint.

67.     The acts and practices of Defendants as described above were intended to deceive Plaintiff and the California Subclass members as described herein and has resulted and will result in damages to Plaintiff and the California Subclass members.  These actions violated and continue to violate the CLRA in at least the following respects:

a.     In violation of Section 1770(a)(5) of the CLRA, Defendants' acts and practices constitute representations that the Service has characteristics, uses and/or benefits which it does not;

b.     In violation of Section 1770(a)(7) of the CLRA, Defendants' acts and practices constitute representations that the Service is of a particular quality which it is not; and

c.     In violation of Section 1770(a)(9) of the CLRA, Defendants' acts and practices constitute the advertisement of the goods in question without the intent to sell them as advertised.

68.     By reason of the foregoing, Plaintiff and the California Subclass members have been irreparably harmed.

69.     By committing the acts alleged above, Defendants violated the CLRA.

70.     On or about November 13, 2007, in compliance with the provisions of California Civil Code §1782, Plaintiff notified Defendant Comcast Corporation in writing of the particular violations of §1770 of the CLRA and demanded that Defendant Comcast Corporation rectify the actions described above by refunding the purchase price and give notice to all affected consumers of their intent to do so.  Plaintiff sent this notice by certified mail, return receipt requested, to Defendant Comcast Corporation's principal places of business.

71.     Defendant Comcast Corporation failed, within thirty days after receipt of the §1782 notice, to adequately respond to Plaintiff's demand to rectify the wrongful conduct described above on behalf of all California Subclass members.  Therefore, Plaintiff is seeking actual and punitive damages against Defendant Comcast Corporation for violations of the CLRA.

72.     In conjunction with the filing of this First Amended Complaint, while the complaint is an appropriate notice of violation, to the extent he has not already done so, Plaintiff

1  will notify Defendants Comcast Cable Communications, LLC and Comcast Cable

2  Communications Holdings, Inc. in writing of the particular violations of §1770 of the CLRA and

3  demand that those Defendants rectify the actions described above by refunding the purchase

4  price and give notice to all affected consumers of their intent to do so.  Plaintiff will send this

5  notice by certified mail, return receipt requested, to Defendants' principal places of business.

6        73.    If Defendants Comcast Cable Communications, LLC and Comcast Cable

7  Communications Holdings, Inc. fail, within thirty days after receipt of the §1782 notice, to

8  adequately respond to Plaintiff's demand to rectify the wrongful conduct described above on

9  behalf of all California Subclass members, this Complaint shall be deemed amended to seek

10  actual and punitive damages for violations of the CLRA against Defendants Comcast Cable

11  Communications, LLC and Comcast Cable Communications Holdings, Inc.

12        74.    Plaintiff and California Subclass members are entitled, pursuant to California

13  Civil Code §1780(a)(2), to an order: (1) enjoining the above-described wrongful acts and

14  practices; (2) requiring payment of damages to Plaintiff and the California Subclass; and (3)

15  requiring the payment of restitution to Plaintiff and the California Subclass.  In addition, Plaintiff

16  and the California Subclass are entitled to the payment of costs and attorneys' fees and any other

17  relief deemed appropriate and proper by the Court under California Civil Code §1780(d).

18        Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

19  **SEVENTH CAUSE OF ACTION**
   **(Violations of Cal. Business & Professions Code §17200 *et seq.***
20  **Based on Fraudulent Acts and Practices on Behalf**
   **of Plaintiff and the California Subclass)**

21        75.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 74

22  of this Complaint.

23        76.    Under California Business & Professions Code §17200, any business act or

24  practice that is likely to deceive members of the public constitutes a fraudulent business act or

25  practice.

26        77.    Defendants have engaged and continue to engage in conduct that is likely to

27  deceive Plaintiff and members of the California Subclass, all of whom are members of the

28  general public.  This conduct includes, but is not limited to, promoting and advertising the fast

- 17 -

speeds that apply to the Service without limitation, when, in fact, Defendants severely limit the speed of the Service for certain applications.  It further includes Defendants' misrepresentations that its customers will enjoy "unfettered access" to all internet applications, when, in fact, Defendants not only fetter certain applications, but completely block them.  Further, Defendants deceive consumers into purchasing the Service in the mistaken belief that they will be able to utilize the Service for file sharing applications, while actively limiting and/or blocking such applications.

78.    The speed at which a user is able to access the internet is an important and material factor to consumers of high speed internet services and is especially important and material to users of Blocked Applications including Plaintiff and the California Subclass.

79.    By committing the acts alleged above, Defendants have engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code §17200.

80.    Plaintiff and the California Subclass have all paid money for the Service. However, Plaintiff and the California Subclass did not obtain the full value of the advertised Service due to Defendants' undisclosed obstruction of certain file sharing applications. Accordingly, Plaintiff and the California Subclass have suffered injury in fact and lost money or property as a result of Defendants' acts of false advertising.

81.    An action for injunctive relief and restitution is specifically authorized under Business & Professions Code §17203.

Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

**EIGHTH CAUSE OF ACTION**
**(Violations of Cal. Business & Professions Code §17500 *et seq.***
**on Behalf of Plaintiff and the California Subclass)**

82.    Plaintiff realleges and incorporates herein by reference as if specifically set forth herein Paragraphs 1 through 81 of this Complaint.

83.    Business & Professions Code §17500 provides that it is unlawful for any corporation to knowingly make, by means of any advertising device or otherwise, any untrue or misleading statement with the intent to sell a product or service, or to induce the public to

purchase a product or service.  Any statement in advertising that is likely to deceive members of the public constitutes false and misleading advertising under Business & Professions Code §17500.

84.     Defendants have disseminated, and continue to disseminate advertising, that they know or should reasonably know is false and misleading.  This conduct includes, but is not limited to, promoting and advertising the fast speeds that apply to the Service without limitation, when, in fact, Defendants severely limit the speed of the Service for certain applications.  It further includes Defendants' misrepresentations that their customers will enjoy "unfettered access" to all internet applications, when, in fact, Defendants not only fetter certain applications, but completely block them.  Defendants know or reasonably should know that this advertising is false and misleading as set forth in detail in the preceding paragraphs.

85.     By committing the acts alleged above, Defendants have knowingly disseminated untrue and/or misleading statements in an advertising or other device in order to sell or induce members of the public to purchase the Service, in violation of Business & Professions Code §17500.

86.     Plaintiff and the California Subclass  have all paid money for the Service.  However, Plaintiff and the California Subclass  did not obtain the full value of the advertised Service due to Defendants' undisclosed obstruction of the Blocked Applications.  Accordingly, Plaintiff and the California Subclass have suffered injury in fact and lost money or property as a result of Defendants' acts of false advertising.

87.     An action for injunctive relief and restitution is specifically authorized for violations of Business & Professions Code §17500 *et seq*. under Business & Professions Code §17535.  Business & Professions Code §17534.5 provides that "the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state."

Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

**NINTH CAUSE OF ACTION**
**(Violations of Cal. Business & Professions Code §17200 *et seq*.**
**Based on Commission of Unlawful Acts on Behalf**
**of Plaintiff and the California Subclass)**

88.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 87 of this Complaint.

89.     The violation of any law constitutes an unlawful business practice under Business & Professions Code §17200.

90.     As detailed more fully in the preceding paragraphs, the acts and practices alleged herein were intended to or did result in the sale of the Service in violation of the CLRA, Civil Code Section 1750, *et seq*., and specifically Section 1770(a)(5), Section 1770(a)(7), and Section 1770(a)(9).

91.     As detailed more fully above, Defendants have committed violations of Business & Professions Code §17500 *et seq.* by knowingly disseminating and continuing to disseminate false and misleading advertisements regarding the Service.

92.     By violating the CLRA and Business & Professions Code §17500, Defendants have engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code §17200.

93.     Under the CFAA, it is unlawful to knowingly and without authorization cause the transmission of a program, information, code or command to a computer used for interstate commerce or communication, where such transmission causes damage, and the aggregate resulting loss is at least $5,000 in value.  18 U.S.C. §1030(a)(5).  By sending unauthorized secret messages to the computers of Plaintiff and the California Subclass in order to block and/or impede their use of the Blocked Applications, Defendants have caused Plaintiff and the California Subclass to suffer damage and loss as set forth above, in an aggregate amount in excess of $5,000.  Accordingly, Defendants have violated the CFAA.

94.     By violating the CFAA, Defendants have engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code §17200.

95.     Plaintiff and the California Subclass have all paid money for the Service.

1    However, Plaintiff and the California Subclass did not obtain the full value of the advertised

2    Service due to Defendants' undisclosed obstruction of certain file sharing applications.

3    Accordingly, Plaintiff and the California Subclass have suffered injury in fact and lost money or

4    property as a result of Defendants' acts of false advertising.

5         96.    An action for injunctive relief and restitution is specifically authorized under

6    Business & Professions Code §17203.

7              Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

8                          **TENTH CAUSE OF ACTION**
     **(Violations of Cal. Business & Professions Code §17200 *et seq*.**
9    **Based on Unfair Acts and Practices on Behalf**
     **of Plaintiff and the California Subclass)**

10        97.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 96

11   of this Complaint.

12        98.    Under Business & Professions Code §17200, any business act or practice that is

13   unethical, oppressive, unscrupulous and/or substantially injurious to consumers, or that violates a

14   legislatively declared policy, constitutes an unfair business act or practice.

15        99.    Defendants have engaged, and continue to engage, in conduct which is immoral,

16   unethical, oppressive, unscrupulous and/or substantially injurious to consumers.  This conduct

17   includes, but is not limited to, misrepresenting that its customers enjoy unfettered access to all

18   internet applications while at the same time severely limiting access to certain applications by

19   sending hidden messages to its customers' computers.  Defendants deceive consumers into

20   purchasing the Service in the mistaken belief that they will be able to utilize the Service for use

21   of the Blocked Applications, while actively limiting and/or blocking such applications.

22   Defendants' scheme was and is immoral, unethical, oppressive, unscrupulous and/or

23   substantially injurious to consumers.   The gravity of harm caused by Defendants' conduct as

24   described herein far outweighs the utility, if any, of such conduct.

25        100.   Defendants have engaged, and continue to engage, in conduct which violates the

26   legislatively-declared policy of the CLRA against misrepresenting the characteristics, uses,

27   benefits, and quality of goods and services for sale.  In addition, Defendants have engaged, and

28   continue to engage in conduct which violates the policy behind the CFAA.

101.   By committing the acts alleged above, Defendants have engaged in unfair business acts and practices which constitute unfair competition within the meaning of Business & Professions Code §17200.

102.   Plaintiff and the California Subclass have all paid money for the Service. However, Plaintiff and the California Subclass did not obtain the full value of the advertised Service due to Defendants' undisclosed obstruction of certain file sharing applications. Accordingly, Plaintiff and the California Subclass have suffered injury in fact and lost money or property as a result of Defendants' acts of false advertising.

103.   An action for injunctive relief and restitution is specifically authorized under Business & Professions Code §17203.

Wherefore, Plaintiff prays judgment against Defendants, as set forth hereafter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

A.   That the Court declare this a class action, certify the Class and California Subclass pursuant to Fed. R. Civ. P. 23(a) and (b) and appoint the undersigned as counsel for the Class and California Subclass pursuant to Fed. R. Civ. P. 23(g);

B.   That the Court preliminarily and permanently enjoin Defendants from conducting their businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in this Complaint;

C.   That the Court order Defendants to conduct a corrective advertising and information campaign advising consumers that the Service does not have the characteristics, uses, benefits, and quality Defendants have claimed;

D.   That the Court order Defendants to implement whatever measures are necessary to remedy the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in this Complaint;

E.   That the Court order Defendants to notify each and every member of the Class of the pendency of the claims in this action and to bear the costs of such notice in order to give such individuals and businesses an opportunity to obtain relief from Defendants;

1        F.     That the Court order Defendants to pay restitution to restore to all members of the

2   Class all funds acquired by means of any act or practice declared by this Court to be an unlawful,

3   unfair or a fraudulent business act or practice, untrue or misleading advertising or a violation of

4   the CLRA and/or the CFAA;

5        G.     That the Court order Defendants to disgorge all monies wrongfully obtained and

6   all revenues and profits derived by Defendants as a result of their acts or practices as alleged in

7   this Complaint;

8        H.     That the Court award compensatory damages to Plaintiff and the Class;

9        I.     That the Court impose statutory, punitive, treble, and/or exemplary damages

10  under applicable law;

11       J.     That the Court grant Plaintiff his reasonable attorneys' fees and costs of suit

12  pursuant to California Code of Civil Procedure §1021.5, Civil Code § 1780(d), the common fund

13  doctrine and/or any other applicable legal theory;

14       K.     That the Court award pre and post judgment interest to the extent allowable by

15  law; and

16       L.     That the Court grant such other and further relief as may be just and proper

17       **JURY DEMAND**

18       Plaintiff demands a trial by jury on all causes of action so triable.

19

20  DATED: September 19, 2008          LEXINGTON LAW GROUP, LLP

21

22

23       */s/ Mark N. Todzo*

     Mark N. Todzo

     Eric S. Somers, (State Bar No. 139050)

24       Howard J. Hirsch (State Bar No. 213209)

     1627 Irving Street

25       San Francisco, CA 94122

     Telephone: (415) 759-4111

26       Facsimile: (415) 759-4112

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT + SCOTT
Christopher M. Burke
Hal Cunnigham
600 B Street, Suite 1500
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508

Attorneys for Plaintiff
JON HART

FIRST AMENDED COMPLAINT- Case No. C-07-06350 PJH